John Connolly's Case.

No. 95-P-1327.

Suffolk. April 9, 1996. - August 6, 1996.

Present: Perretta, Kass, & Jacobs, JJ.

*Workers' Compensation Act,* Attorney's fees, Conference procedure. *Words,* "Prevailing party."

A reviewing board of the Department of Industrial Accidents erred in failing to award attorney's fees to an employee who was awarded the same temporary total disability benefits by an administrative judge as had been ordered in conference for a 1991 injury and who thus had prevailed within the meaning of G. L. c. 152, § 13A (5), and 452 Code Mass. Regs. § 1.19 (4), as in effect at the time. [36-38]

There was no merit to an employee's claim that, in a proceeding under G. L. c. 152, before the Department of Industrial Accidents, the administrative judge improperly adopted the opinion of the employer's examining physician. [38]

Appeal from a decision of the Industrial Accident Reviewing Board.

*Michael C. Akashian* for the employee.

*Cathleen E. Campbell* for the employer.

Jacobs, J. Asserting that he prevailed after a hearing in the Department of Industrial Accidents where his disability was challenged by the employer, the plaintiff employee[1] appeals, claiming he should have been awarded an attorney's fee and expenses in accordance with G. L. c. 152, § 13A(5). That hearing resulted from the appeal by both the employee and the employer, a self-insurer, from a conference order pursuant to G. L. c. 152, § 10A, filed on April 14, 1992, awarding temporary total incapacity compensation from April 19, 1991, to July 2, 1991, in addition to medical benefits under G. L.

---

[1]The employee was injured on April 18, 1991, while employed as a Boston penal institutions department corrections officer at the Suffolk County house of correction. He returned to work on July 10, 1991.

c. 152, § 30, and $1,000 in counsel fees, plus expenses, pursuant to G. L. c. 152, § 13A(2).

At issue at the hearing, held pursuant to G. L. c. 152, § 11, on December 12, 1992, were the employee's claims for temporary total compensation, medical benefits, and a claim for further benefits beyond July 2, 1991, as well as attorney's fees and expenses. The employer also appealed from the conference order raising issues of liability, disability, and the extent of disability. The administrative judge found that the employee was temporarily and totally disabled from April 18, 1991, to July 2, 1991, but then was capable of returning to work without restrictions. He also denied and dismissed the employee's claim for further benefits after July 2, 1991. The employee appealed to the reviewing board, which summarily affirmed the administrative judge's decision.[2] The employee's claim for an attorney's fee was not addressed at either the hearing or reviewing board level.

The employee argues that the administrative judge failed to address all of his claims and issues in controversy, and this failure is a ground for reversal. However, with the exception of the employee's argument that a medical opinion improperly was adopted, which we address later, he does not argue any error in the administrative judge's disposition of any of his claims other than attorney's fees. Accordingly, we have no occasion to revisit the other claims and issues. The employer contends that it prevailed because no further compensation was awarded beyond that granted at the conference level.

1. *Attorney's fees.* Section 13A(5)[3] provides that when an insurer contests a claim and the employee prevails at a § 11 hearing, the insurer shall pay a fee of $3,500 to the employee's attorney.[4] The regulations applicable at the time of the hearing in this case, 452 Code Mass. Regs. § 1.19(4) (1992), state

---

[2]For a summary of the four stages in the review process in the Department of Industrial Accidents, see *Murphy* v. *Commissioner of the Dept. of Indus. Acc.*, 415 Mass. 218, 223-225 & n.13 (1993).

[3]The terms of St. 1991, c. 398, § 103, provide that § 13A, as amended by § 35 of c. 398, shall apply to services performed after the effective date of the act, which was December 23, 1991. It appears that all the services of counsel at issue in the present case were performed after this date, the § 11 hearing having been held late in 1992.

[4]In pertinent part § 13A(5), as amended by St. 1991, c. 398, § 35, provides: "Whenever an insurer ... . contests a claim for benefits and . . . the employee prevails at [a hearing pursuant to § 11] the insurer shall pay

that an employee "shall be deemed to have prevailed, for the purposes of M.G.L. c. 152, s. 13A(1)-(3), when compensation is ordered or is not discontinued . . . ."[5] Even though the employer challenged the employee's claims of disability at the de novo hearing, the evidentiary burden was on the employee with respect to all of his claims. See *Ginley's Case*, 244 Mass. 346, 348 (1923); *Ballard's Case*, 13 Mass. App. Ct. 1068 (1982); *Mulcahey's Case*, 26 Mass. App. Ct. 1, 3 (1988). Thus, all the benefits granted in the conference order were in jeopardy.[6] Given that the employer appealed from the conference order and the judge entered a de novo finding of total temporary disability, the employee prevailed within the meaning of § 13A(5) since, in the terms of the interpretive regulation, "compensation [was] ordered" in the sense that the previously ordered payments were confirmed. Had the administrative judge, responding to the employer's appeal, in any way reduced the temporary disability payments awarded by the conference order, the employee would have been exposed to a recoupment claim by the employer for the recovery

a fee to the employee's attorney in an amount equal to three thousand five hundred dollars plus necessary expenses. An administrative judge may increase or decrease such fee based on the complexity of the dispute or the effort expended by the attorney."

[5]The regulations in effect at the relevant times in the present case were effective on May 8, 1992. They do not differ from those currently in effect, issued on September 1, 1993. The reference in the regulations to G. L. c. 152, § 13A(3), however, appears to refer to the statute in effect prior to the comprehensive amendments enacted in 1991. Former § 13A(3) is now paragraph (5), so it appears that the regulation still is intended to apply to appeals from conference orders. Cf. *Arbogast* v. *Employers Ins. of Wausau*, 26 Mass. App. Ct. 719, 722 (1988).

The entire paragraph of the regulation states: "In any proceeding before the division of dispute resolution, the claimant shall be deemed to have prevailed, for the purposes of M.G.L. c. 152, S. 13A(1)-(3), when compensation is ordered or is not discontinued at such proceeding, except where the claimant has appealed a conference order *for which there is no pending appeal from the insurer* and the decision of the administrative judge does not direct a payment of weekly or other compensation benefits exceeding that being paid by the insurer prior to such decision . . ." (emphasis supplied).

[6]Our record is silent as to whether the employer actually paid compensation for the closed period after the § 10A conference order. Compliance with G. L. c. 152, § 17, would result in payment being made within fourteen days of the issuance of the order.

of overpayments pursuant to § 11D(3).[7] See generally Gargano, Massachusetts Workers' Compensation § 1.02, at 1-106-1-108 (3d ed. rev. 1994); Locke, Massachusetts Workers' Compensation Reform Act § 7.18 (Supp. 1995). Consequently, the employee falls within the typical "prevailing party" formulation of one who succeeds on any significant litigation issue, achieving "some of the benefit" sought in the controversy. *Nadeau* v. *Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). Cf. *Daly's Case*, 405 Mass. 33, 41 (1989). See generally Gargano, *supra* at § 1.04; Locke, *supra* at §§ 12.1-12.4. The decisions of the board and the administrative judge implicitly denying the employee's claim for an attorney's fee are, therefore, based on an error of law, and we remand this case to the Department of Industrial Accidents for an order that the employer pay the statutory legal fee and expenses.[8] See *Lettich's Case*, 403 Mass. 389, 395 (1988).

2. *Adoption of medical opinion.* There is no merit in the employee's argument that the administrative judge improperly adopted the opinion of the employer's physician in concluding that the employee was able to return to work without restriction. In any event, the administrative judge's decision indicates he relied on more than the opinion of the employer's physician. See generally *Amon's Case*, 315 Mass. 210, 214-215 (1943); *Woolfall's Case*, 13 Mass. App. Ct. 1070, 1071 (1982).

3. *Conclusion.* The case is remanded to the Department of Industrial Accidents for an order requiring the employer to pay the statutory attorney's fee of $3,500 and necessary expenses pursuant to § 13A(5). In all other respects the decision of the reviewing board is affirmed.

*So ordered.*

---

[7]As inserted by St. 1991, c. 398, § 32, this section provides in pertinent part: "An insurer that has paid compensation pursuant to a conference order, shall, upon receipt of a decision of an administrative judge or a court of the commonwealth which indicates that overpayments have been made be entitled to recover such overpayments by unilateral reduction of weekly benefits . . . of any remaining compensation owed the employee. Where overpayments have been made that cannot be recovered in this manner, recoupment may be ordered pursuant to the filing of a complaint pursuant to section ten or by bringing an action against the employee in superior court."

[8]Nothing in the record or arguments before us suggests that the complexity of the dispute or the effort expended by the attorney are such as would justify increasing or decreasing the statutory fee of $3,500.