## VICTOR GONZALEZ'S CASE.

No. 95-P-975.

Suffolk. February 21, 1996. - August 6, 1996.

Present: SMITH, LAURENCE, & LENK, JJ.

*Statute,* Construction. *Workers' Compensation Act,* Total incapacity, Attorney's fees. *Administrative Law,* Agency's interpretation of regulation. *Words,* "Prevailing party."

A reviewing board of the Department of Industrial Accidents correctly ruled that an applicant for worker's compensation benefits for a 1990 injury was not entitled to attorney's fees under G. L. c. 152, § 13A (3), and 452 Code Mass. Regs. § 1.19 (4), as then in effect, where the employee did not prevail at the hearing before an administrative judge inasmuch as the judge did not order the insurer to pay any benefits. [40-42]

APPEAL from a decision of the Industrial Accident Reviewing Board.

*Robert J. Marquis* for the employee.

*Mark B. Rees* for the insurer.

SMITH, J. Victor Gonzalez was employed by LFE Corporation as a shipper and receiver from January, 1989, until May, 1990, when he was terminated for excessive absenteeism.

On July 20, 1990, Gonzalez filed a claim for temporary total disability benefits under G. L. c. 152, § 34, for the period of March 6, 1990, "to date and continuing," and for the payment of medical expenses under G. L. c. 152, §§ 13 and 30. National Union Fire Insurance Company (National Union), the workers' compensation insurer for LFE Corporation, denied the claim.

On April 22, 1991, pursuant to G. L. c. 152, § 10A, a conference was held on the claim. The claim was denied and Gonzalez filed an appeal for a de novo hearing pursuant to G. L. c. 152, §§ 10A(3) and 11. After that hearing, the

administrative judge made the following findings. Gonzalez
sustained an industrial injury to his left shoulder on or about
March 5, 1990. However, because Gonzalez failed to offer
any evidence from treating physicians, the judge found that
Gonzalez did not demonstrate that his period of absence from
work in March, 1990, was related to the industrial injury.
Further, the judge found that the continuing period of absence
following May 25, 1990 (the last day he worked for LFE
Corporation), was related to his termination from employ-
ment because of excessive absenteeism and not related to the
injury. The judge also ruled that Gonzalez's claim was defec-
tive because (1) it covered the period between March 14 and
May 25, when Gonzalez was actually working and receiving
wages and (2) it covered a further period when Gonzalez was
collecting unemployment compensation.[1]

Although the judge found that Gonzalez had suffered an
industrial injury, he did not order compensation because
Gonzalez did not lose any benefits as a result of the accident.
In addition, the judge did not order the payment of medical
expenses under § 13 and § 30 because Gonzalez did not offer
any unpaid medical bills. The judge also did not order the
payment of attorney fees. The judge did, however, order that
Gonzalez's rights under §§ 13, 30, and 36 be reserved.

Gonzalez appealed the administrative judge's decision to
the Reviewing Board (board) on the sole ground that he was
entitled to the payment of his attorney's fees. Applying the
relevant statutory and regulatory provisions then in effect,
G. L. c. 152, § 13A(3), and 452 Code Mass. Regs. § 1.19(4)
(1988), the board ruled that Gonzalez was not entitled to at-
torney's fees. As to such fees, generally, see *Alliy* v. *Travelers
Ins. Co.*, 39 Mass. App. Ct. 688 (1996). The board's decision
was based on the ground that Gonzalez did not prevail at the
hearing because he did not receive an award of benefits nor
was a discontinuance of benefits prevented.

On appeal, Gonzalez claims that he is entitled to attorney's
fees because the judge's finding that he sustained an industrial
injury means he prevailed at the hearing, regardless of
whether or not benefits were ordered. National Union argues
that Gonzalez did not prevail because no benefits were paid.

This case turns on an interpretation of the language

---

[1] A party may not receive disability payments and unemployment benefits
at the same time. See G. L. c. 152, § 36B(1).

contained in G. L. c. 152, § 13A(3), and 452 Code Mass. Regs. § 1.19(4) (1988).[2] At the time of the hearing, § 13A(3) provided that "[w]henever an insurer files a complaint or contests a claim for benefits and then . . .(ii) the employee prevails at such hearing, the insurer shall pay an attorney's fee sufficient to defray the reasonable costs of counsel retained by the employee." 452 Code Mass. Regs. § 1.19(4) states, in pertinent part, "In any proceeding before the division of dispute resolution, the claimant shall be deemed to have prevailed, for purposes of M.G.L. c. 152, § 13A(1)-(3), when compensation is ordered or is not discontinued at such proceeding . . . ."

"Ordinarily an agency's interpretation of its own rule is entitled to great weight." *Finkelstein* v. *Board of Registration in Optometry*, 370 Mass. 476, 478 (1976). "A court will overturn such an agency interpretation only if it is 'arbitrary, unreasonable, or inconsistent with the plain terms of the rule itself.' " *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 782 (1980), quoting from *Finkelstein, supra.* See also *Canavan's Case*, 364 Mass. 762, 764 (1974) (findings and decisions of the board "must be accepted as final unless wholly lacking evidential support or tainted by error of law").

The statutory language ties the award of attorney's fees to the concept of "prevail."[3] The language of 452 Code Mass. Regs. § 1.19(4) establishes that, except when an insurer is ordered to pay benefits or an employee defeats the insurer's effort to discontinue benefits, statutory attorney's fees are not owed. Thus, Gonzalez did not prevail within the meaning of § 1.19(4) and G. L. c. 152, § 13A(3).

Gonzalez asserts that his case is analogous to Federal civil rights claims. A plaintiff is a prevailing party for purposes of the Federal civil rights statute "if they succeed on any significant issue in litigation which achieves some of the benefit the

---

[2]General Laws c. 152, § 13A, was revised by St. 1991, c. 398, §§ 35 & 103. The relevant regulations were rewritten in 1992. See *Alliy* v. *Travelers Ins. Co.*, 39 Mass. App. Ct. at 691. Both parties argue that the relevant statute and regulations are those in effect prior to the changes.

[3]Black's Law Dictionary 1188 (6th ed. 1990) defines *prevail* as "[t]o be or become effective or effectual, to be in force, to obtain" and defines *prevailing party* as "[t]he party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one whose favor the decision or verdict is rendered and judgment entered."

parties sought in bringing suit." *Draper* v. *Town Clerk of Greenfield*, 384 Mass. 444, 453 (1981), cert. denied, 456 U.S. 947 (1982), quoting from *Nadeau* v. *Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). Gonzalez claims that he prevailed at the hearing because the administrative judge found that an industrial accident did occur and that his rights were reserved. Gonzalez contends that the finding of an industrial injury is the most significant aspect of the case and that this determines if the plaintiff prevails.

Under the Workers' Compensation Act, the most significant aspect of a claim is the payment of compensation. We decline to interpret the statute as providing attorney's fees in cases where no workers' compensation has been ordered at any stage of the statutory proceedings. Compare *Connolly's Case, ante* 35, 37-38 (1996). To do so would be in contravention of the purpose of the entire workers' compensation scheme. "The purpose of the [Workers' Compensation] Act is to replace *wages* lost by reason of an employee's inability to work because of an injury" (emphasis original). *Chartier's Case,* 19 Mass. App. Ct. 7, 9 n.4 (1984), quoting from *Don Francisco's Case,* 14 Mass. App. Ct. 456, 469 (1982). Here, Gonzalez continued to work (with any time missed after the accident not proven to be attributable to the injury), and he collected, at first, his normal wages, and after he was fired, he collected unemployment benefits. Because Gonzalez did not lose any wages as a result of his injury, there was nothing to compensate. The fact that the administrative judge found that the insurer *would have been liable* to Gonzalez if he had lost wages, does not mean that he prevailed. Therefore, the board's decision not to award Gonzalez any benefits means that Gonzalez did not prevail and is not entitled to any statutory attorney's fees.

*Decision affirmed.*