*John W. Spillane* for the plaintiff.

*Barry S. Fischer & James B. Fox* for Thomas J. Mahan & another.

KYLE MUELLER'S CASE. No. 98-P-1568. November 17, 1999. *Judgment,* Preclusive effect. *Workers' Compensation Act,* Claim, Attorney's fees. *Words,* "Prevailing party."

As to the permanent loss of function claim under G. L. c. 152, § 36, the single justice correctly decided that it was barred under principles of claim preclusion because the claimed loss of function was known at the time the employee entered into a lump sum settlement (G. L. c. 152, § 48) with the insurer. See *Saint Louis* v. *Baystate Med. Center*, 30 Mass. App. Ct. 393, 399 (1991). For the application of such principles in workers' compensation cases, see *Martin* v. *Ring*, 401 Mass. 59, 63 (1987). As to the question of legal fees, the employee had accepted disability payments after he had obtained work at a higher rate of pay than he was getting on the job at which he sustained an ankle injury. The insurer was rightly entitled to recoupment of the payments unlawfully received by the employee. The insurer was compelled to bring a complaint to seek redress. That, upon accounting, the amount due was $6,669.65 less than the insurer had first calculated does not make the employee the prevailing party under G. L. c. 152, § 13A(5). He still had to disgorge $11,128.06. Generally, an employee has prevailed in a workers' compensation case only when a payment of compensation has been ordered. See *Gonzalez's Case*, 41 Mass. App. Ct. 39, 42 (1996). The decision in *Connolly's Case*, 41 Mass. App. Ct. 35, 36-38 (1996), is not to the contrary.

*Judgment affirmed.*

The case was submitted on briefs.

*Jean A. Nicolazzo* for the employee.

*Loran G. Lang* for the insurer.