## LEOPOLDO CRUZ'S CASE.

No. 99-P-411.

Suffolk. September 12, 2000. - February 21, 2001.

Present: LENK, DREBEN, & GILLERMAN, JJ.

*Workers' Compensation Act,* Incapacity, Attorney's fees. *Administrative Law,* Regulations, Agency. *Words,* "Prevailing party."

In a proceeding brought by a worker's compensation insurer seeking reduction, suspension, or discontinuance of compensation paid, asserting that the employee's disability had ceased, the judge, after ruling that the employee remained partially disabled, correctly ordered payment of the employee's attorney's fees pursuant to G. L. c. 152, § 13A(5), and regulations thereunder, in circumstances in which the insurer had placed in issue the employee's entire entitlement to compensation, and thus the employee had prevailed within the meaning of § 13A(5). [26-29]

APPEAL from a decision of the Industrial Accident Reviewing Board.

*Paul M. Moretti* for the insurer.

*James V. Miragliotta* for the employee.

DREBEN, J. The sole question in this worker's compensation case is whether the employee was the prevailing party and hence entitled to legal fees pursuant to G. L. c. 152, § 13A(5),[1] and 452 Code Mass. Regs. § 1.19(4) (1992).[2]

---

[1]In relevant part, § 13A(5) provides: "Whenever an insurer files a complaint or contests a claim for benefits and . . . (ii) the employee prevails at such hearing the insurer shall pay a fee to the employee's attorney in an amount equal to three thousand five hundred dollars plus necessary expenses."

(Pursuant to § 13A[10], this fee is subject to change; its calculation is derived under c. 152, § 34B[*a*]).

[2]That regulation, effective on May 8, 1992, provides in relevant part: "In any proceeding before the division of dispute resolution, the claimant shall be deemed to have prevailed, for the purposes of M.G.L. c. 152, § 13A(1)-(3), when compensation is ordered or is not discontinued at such proceeding

The employee sustained an injury to his back on November 6, 1989, and received total incapacity compensation under G. L. c. 152, § 34. On December 4, 1991, the insurer filed Form 108 of the Department of Industrial Accidents (department), a form entitled "Insurer's Request for Reduction, Suspension or Discontinuance of Compensation." As the factual basis for its request, the insurer typed in, "disability ended based on the October 30, 1991 report of Dr. Robert Levine." After lengthy proceedings set out in the margin,[3] an administrative judge found that the employee was only partially disabled and had some earning capacity. Accordingly, the payments of the insurer were reduced. The administrative judge, however, ordered the payment of the employee's attorney's fees.

Section 13A(5) of c. 152, note 1, *supra*, requires payment of such fees if the employee "prevails," and 452 Code Mass. Regs. § 1.19(4), see note 2, *supra*, states that the employee shall be deemed to have prevailed "when compensation is ordered or is not discontinued." Claiming that it was the prevailing party as it achieved a reduction in payments, the insurer appealed to the reviewing board. The reviewing board affirmed the award of the legal fee, and the insurer now appeals from that decision.

While recognizing that a strict reading of the regulation, see note 2, *supra*, would sustain the fee award because compensation was not "discontinued" but only reduced, the insurer argues

. . . ."

As pointed out in *Connolly's Case*, 41 Mass. App. Ct. 35, 37 n.5 (1996), former § 13A(3) is now § 13A(5), so it appears that the regulation is still intended to apply to appeals of conference orders. This is also the view of the Department of Industrial Accidents. *Columbo's Case*, 11 Mass. Workers' Comp. Rep. 459 (1997). The present regulation, effective January 10, 1997, refers to § 13A, without mention of any subparagraph.

[3]The insurer's request for reduction, suspension or discontinuance was denied pursuant to a conference order; the insurer appealed; a hearing was held before an administrative judge who authorized partial incapacity payments pursuant to G. L. c. 152, § 35; the employee appealed; the reviewing board ruled the findings concerning the assignment of earning capacity inadequate and recommitted the case for further findings. Since the matter was remanded, the reviewing board also asked the administrative judge to address the insurer's claims that the employee did not prevail and that the insurer should not have to pay the employee's attorney's fees awarded by the administrative judge in his first decision. On remand, the administrative judge reduced his previous finding of earning capacity, a reduction which resulted in a higher payment to the employee. He again awarded the employee attorney's fees without any discussion of the matter.

that the regulation cannot be upheld as it is inconsistent with the statute which provides for fees only if the employee prevails. See note 1, *supra*. Although an agency's regulation is entitled to great weight, see *Gonzalez's Case*, 41 Mass. App. Ct. 39, 41 (1996), and cases cited, at first blush the insurer's position appears to have merit. In workers' compensation cases, however, the employee is considered the prevailer if he "succeeds on any significant litigation issue, achieving 'some of the benefit' sought in the controversy." *Connolly's Case*, 41 Mass. App. Ct. 35, 38 (1996) (citation omitted). See *Bardon Trimount, Inc.* v. *Guyott*, 49 Mass. App. Ct. 764, 779 (2000).

Here, although the insurer claims that all it sought was a reduction in payments and it succeeded in that endeavor, the record shows that more was at stake. The issues in controversy listed by the administrative judge were:

"1. The extent of the employee's present disability;

2. The cause of the employee's present disability."

The insurer by its appeal was contesting not only the extent of the employee's disability but also its causal relationship to the accident. The employee's entire entitlement to compensation was thus placed in jeopardy.

Given the issues raised by the insurer's appeal from the conference order and the administrative judge's findings of partial disability and causal relationship, the employee prevailed within the meaning of § 13A(5). Compensation was not discontinued. See *Connolly's Case*, 41 Mass. App. Ct. at 37; Locke, Workmen's Compensation § 12.4, at 357 (Koziol Supp. 2000). Had the administrative judge found that the employee was not disabled at all — a finding that in theory was possible despite Dr. Levine's opinion — or, alternatively, had the administrative judge not found that the partial disability was caused by the employee's employment, the employee would have lost all his compensation payments.[4]

We conclude that 452 Code Mass. Regs. § 1.19(4) (1992),

---

[4]The insurer, according to the administrative judge, also urged denial of the employee's entitlement to §§ 13 and 30 benefits. We need not reach the question whether, where no specific award was sought or ordered, the decision that generally ordered entitlement to such benefits is to be considered in determining whether the employee prevailed. See *Gonzalez's Case*, 41 Mass. App. Ct. at 42; Locke, Workmen's Compensation, § 12.4, at 358 (Koziol Supp. 2000).

the regulation challenged by the insurer, at least in·the circumstances of this case, where the employee succeeded on significant litigation issues, is not inconsistent with G. L. c. 152, § 13A(5).

*Decision dated December 2, 1997, affirmed.*