ALVIN W. GREEN'S CASE.

No. 99-P-1654.

Suffolk. April 11, 2001. - July 26, 2001.

Present: PORADA, GELINAS, & KAFKER, JJ.

*Workers' Compensation Act,* Attorney's fees. *Administrative Law,* Regulations.
   *Words,* "Prevailing party."

This court concluded that 452 Code Mass. Regs. § 1.19(4) (1997), which
   provides that, in all cases where workers' compensation benefits are ordered
   or not discontinued, the employee shall be deemed the "prevailing party,"
   and thus entitled to an award of attorney's fees, except in those cases
   where the employee but not the insurer appeals a conference order and the
   employee does not receive an increase in benefits, was not invalid on the
   ground that it was in conflict with the provisions of G. L. c. 152, § 13A,
   or with the court's decisions in *Connolly's Case,* 41 Mass. App. Ct. 35
   (1996), or *Cruz's Case,* 51 Mass. App. Ct. 26 (2001). [143-145]
A reviewing board of the Department of Industrial Accidents correctly declined
   to award attorney's fees under 452 Code Mass. Regs. § 1.19(4) (1997) and
   G. L. c. 152, § 13A, to an employee who received no increased benefits
   from his appeal from a conference order. [145]

APPEAL from a decision of the Industrial Accident Reviewing
Board.

*Michael C. Akashian* for the employee.

*Richard W. Jensen* for the insurer.

PORADA, J. This appeal presents us with another worker's
compensation case in which we are asked to determine whether
the employee was the prevailing party[1] and, thus, entitled to at-

---

[1]See *Connolly's Case,* 41 Mass. App. Ct. 35 (1996) (employee held to be
prevailing party where both self-insurer and employee appealed conference
order and employee awarded the same temporary total disability benefits after
a hearing as set forth in the conference order); *Cruz's Case,* 51 Mass. App.
Ct. 26 (2001) (employee was the prevailing party where the insurer appealed
conference order denying reduction, suspension, or discontinuance of
compensation, and employee awarded partial incapacity payments after
hearing).

torney's fees under G. L. c. 152, § 13A(5),[2] and the applicable regulation, 452 Code Mass. Regs. § 1.19(4) (1997).[3] Reversing an award of attorney's fees to the employee by an administrative judge after a hearing pursuant to G. L. c. 152, § 11, the reviewing board (board) of the Department of Industrial Accidents (department) ruled that the employee was not a prevailing party and, thus, not entitled to attorney's fees under the applicable statute and regulation. On appeal, the employee argues (1) that the regulation is invalid and his entitlement to attorney's fees under the statute is mandated by our prior decisions in *Connolly's Case*, 41 Mass. App. Ct. 35 (1996), and *Cruz's Case*, 51 Mass. App. Ct. 26 (2001); or alternatively (2) that he is entitled to attorney's fees under the statute and regulation. We affirm the board's decision.

The employee incurred an injury in December, 1993, in the course of his employment for Back Bay Restaurant Group, Inc. The insurer accepted the claim and began paying temporary total incapacity benefits under G. L. c. 152, § 34. On or about October 11, 1995, the insurer filed a complaint with the department to discontinue or modify benefits on the basis that the employee was able to resume some level of employment and, therefore, was no longer totally disabled. On January 25, 1996, an administrative judge issued a conference order pursuant to G. L. c. 152, § 10A, authorizing the insurer to terminate payment of temporary total incapacity benefits under G. L. c. 152,

---

[2]Section 13A(5), as amended by St. 1991, c. 398, § 35, provides as follows: "Whenever an insurer files a complaint or contests a claim for benefits and then either (i) accepts the employee's claim or withdraws its own complaint within five days of the date set for a hearing pursuant to section eleven; or (ii) the employee prevails at such hearing the insurer shall pay a fee to the employee's attorney in an amount equal to three thousand five hundred dollars plus necessary expenses. An administrative judge may increase or decrease such fee based on the complexity of the dispute or the effort expended by the attorney."

[3]The regulation, effective January 10, 1997, provides: "In any proceeding before the Division of Dispute Resolution, the claimant shall be deemed to have prevailed, for the purposes of M.G.L. c. 152, § 13A, when compensation is ordered or is not discontinued at such proceeding, except where the claimant has appealed a conference order for which there is no pending appeal from the insurer and the decision of the administrative judge does not direct a payment of weekly or other compensation benefits exceeding that being paid by the insurer prior to such decision."

§ 34, but ordering it to begin paying temporary partial incapacity benefits under G. L. c. 152, § 35, at a rate of $218.08 per week from January 25, 1996, and continuing based on an assigned earning capacity of $175 per week for the employee. Both the employee and the insurer filed an appeal from the conference order, but in July, 1996, the insurer subsequently withdrew its appeal. At the February, 1997, hearing before the administrative judge on the employee's appeal, the employee sought temporary total disability benefits under G. L. c. 152, § 34, and benefits under G. L. c. 152, §§ 13 and 30, for payment of medical and hospital expenses. After the hearing, the administrative judge ordered the insurer to pay temporary partial disability benefits pursuant to § 35, in the sum of $209.08 per week from December 20, 1996, and continuing based on an increased earning capacity of $190 assigned to the employee. The judge also ordered the insurer to pay attorney's fees pursuant to G. L. c. 152, § 13A(5), based upon the fact that his decision modified but did not discontinue the employee's benefits. The judge also made a general award of §§ 13 and 30 benefits.[4] The insurer appealed the award of attorney's fees to the board. The board reversed the award of attorney's fees, based upon its conclusion that the employee was not a prevailing party under § 13A(5) and 452 Code Mass. Regs. § 1.19(4) where the employee's appeal did not result in increased benefits.

We address first the employee's attack on the regulation. The employee argues that it is inconsistent with the statute because it alters the meaning of the words "prevailing party" in the statute. Although the words "prevailing party" are not defined in the statute, the employee relies upon the meaning ascribed to those words in other worker's compensation cases decided by us. We have said that an employee is considered the prevailer if he "succeeds on any significant litigation issue, achieving 'some of the benefit' sought in the controversy." *Connolly's Case*, 41 Mass. App. Ct. at 38. *Cruz's Case*, 51 Mass. App. Ct. at 28. Relying on that formulation, the employee argues that, because his appeal put in jeopardy the award of temporary partial disability benefits from January 25, 1996, and he retained those benefits even though they could have been eliminated or reduced

---

[4]That order is not a subject of this appeal.

based on the increased earning capacity assigned to him as a result of the hearing which resulted in a reduction of weekly temporary partial disability benefits from $218.08 to $209.08 beginning on December 20, 1996, he achieved success on a significant, disputed issue and, thus, is entitled to his attorney's fees.

In determining the validity of the subject regulation, we recognize that an administrative regulation is "not to be declared void unless [its] provisions cannot by any reasonable construction be interpreted in harmony with the legislative mandate, and enforcement of such regulation[] should be refused only if [it is] plainly in excess of legislative power." *Dowell* v. *Commissioner of Transitional Assistance*, 424 Mass. 610, 613 (1997), quoting from *Berrios* v. *Department of Pub. Welfare*, 411 Mass. 587, 595-596 (1992). Further, a party who questions the facial validity of a regulation "bears the heavy burden of 'proving on the record "the absence of any conceivable ground upon which [the regulation] may be upheld" ' " (citation omitted). *Id.* at 612. We are of the opinion that, in the circumstances presented, the employee has failed to meet that heavy burden.

The regulation is simply an attempt to clarify what is meant by a "prevailing party" in the statute. It provides that, in all cases where compensation is ordered or not discontinued, the employee shall be deemed to have prevailed except in those cases where an employee but not the insurer appeals a conference order and the employee does not receive any increase in his benefits. It is not unreasonable for the regulation to provide that an employee shall not be considered to have prevailed under § 13A(5) when it is the employee's own appeal, rather than the insurer's appeal, that has placed the employee's benefits in jeopardy and the employee gains no increased benefits from the appeal. Contrast *Connolly's Case*, 41 Mass. App. Ct. at 37 (in self-insurer's and employee's appeal all the benefits were at stake); *Cruz's Case*, 51 Mass. App. Ct. at 28 (the insurer's appeal placed the employee's entire benefits in jeopardy). Also, it is generally recognized that one of the purposes for the award of attorney's fees in worker's compensation cases is to discourage unnecessary litigation. See *Ahmed's Case*, 278 Mass. 180, 187 (1932); *Daly's Case*, 405 Mass. 33, 41 (1989). To the extent

that the regulation achieves this purpose, we do not consider it in conflict with the provisions of § 13A. For these reasons, we conclude the regulation is valid.

Nor do we think that the formulation that we have ascribed to the prevailing party in *Connolly's Case* warrants a contrary result. That formulation is based on a determination of who is a prevailing party under the Federal civil rights statute. *Connolly's Case, supra* at 38. *Gonzalez's Case*, 41 Mass. App. Ct. 39, 41-42 (1996). The focus of that formulation is on the results achieved in the litigation. *Draper* v. *Town Clerk of Greenfield*, 384 Mass. 444, 452-453 (1981), cert. denied sub nom. *Draper* v. *Prescott*, 456 U.S. 947 (1982). *Kadlick* v. *Department of Mental Health*, 431 Mass. 850, 852-853 (2000). See *Nadeau* v. *Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978); *Bagby* v. *Beal*, 606 F.2d 411, 415 (3d Cir. 1979); *Dahlem* v. *Board of Educ. of Denver Pub. Schs.*, 901 F.2d 1508, 1511-1514 (10th Cir. 1990); *Stivers* v. *Pierce*, 71 F.3d 732, 751 (9th Cir. 1995). Here, the employee certainly did not appeal the conference order to achieve the status quo[5] or to have his benefits reduced, which was the result of his appeal. Thus, focusing on the result of the employee's appeal, we think that the employee could not under the formulation applied in *Connolly's Case* or any definition[6] of prevailing party be considered to have prevailed where he did not increase his benefits by his appeal.

This case, in any event, is distinguishable from both *Connolly's Case* and *Cruz's Case* because in both of those cases the insurer appealed and, thus, the exception under the regulation would have been inapplicable. Contrary to the employee's argument, where there was no appeal by the insurer from the conference order in this case, the board was correct in ruling that under both § 13A(5) and 452 Code Mass. Regs. § 1.19(4) the

---

[5]The decision of the administrative judge extended for eleven months the conference-ordered weekly payments of $218.08 in § 35 benefits, before reducing them to $209.08.

[6]We note that the plain meaning of the word "prevail" is "[t]o be greater in strength . . . ; [t]o be or become effective." American Heritage Dictionary 982 (2d ed. 1982).

employee, who received no increased benefits from his appeal, was not the prevailing party.

The decision of the reviewing board is affirmed.

*So ordered.*