# Bruce Spaniol's Case.[1]

No. 11-P-114.

Suffolk. November 8, 2011. - March 16, 2012.

Present: Graham, Rubin, & Wolohojian, JJ.

Further appellate review granted, 462 Mass. 1101 (2012).

*Workers' Compensation Act,* Insurer, Amount of compensation, Attorney's fees, Settlement agreement.

A worker's compensation insurer was not entitled to use the payment-reduction provision of G. L. c. 152, § 13A(10), to reduce the amount it owed an injured employee under a settlement agreement by the amount it owed to the employee's attorney, where the settlement did not fall within the scope of the statute. [440-442]

APPEAL from a decision of the Industrial Accident Reviewing Board.

*Charles E. Berg* for the employee.

*Kimberly Davis Crear* for the insurer.

WOLOHOJIAN, J. At issue is whether the AIM Mutual Insurance Company (AIM) was entitled to use the payment-reduction provision of G. L. c. 152, § 13A(10), which (in certain circumstances) permits a workers' compensation insurer who makes prompt payment of benefits to an injured employee to reduce the amount payable by the amount it statutorily owes to the employee's attorney. Relying on this provision, AIM applied the reduction to the amount it owed to an injured employee under a settlement agreement. Because the settlement did not fall within the scope of the payment-reduction provision, we conclude that AIM was not entitled to the reduction.

*Background.* On November 19, 2007, the parties appeared for a hearing before the Department of Industrial Accidents (DIA) with respect to the employee's claim for benefits for permanent

---

[1]The employee is deceased. On appeal, his interests are represented by the executor of his estate.

loss of function under G. L. c. 152, § 36. Instead of pursuing the hearing, however, the employee and AIM settled their differences and entered into a written settlement agreement that day.

That agreement was reflected on DIA Form 113, captioned "Agreement to Pay Compensation." The relevant portion of the form, as filled out by the parties, provided as follows:

> "THE PARTIES AGREE TO COMPENSATION IN AC-CORDANCE TO THE FOLLOWING SCHEDULE: . . .
>
> "G. SPECIFIC PERMANENT INJURIES/SECTION 36. . . .
>
> "S36(G): S[tate] A[verage] W[eekly] W[age] (884.46) x 39 x .10 = $3,449.39 For right knee. Section 36 r[igh]t shoulder $1,500.00
>
> "3 x S[tate] A[verage] W[eekly] W[age] (884.46) = $2,653.38 For limp.
>
> "Total S36 benefit compensation = $7,602.77
>
> "H. Other (specify)
>
> "Attorney fee $2,500, and reasonable costs."

The agreement was signed by the insurer, the employee, and the employee's attorney. The agreement was also approved and signed by a representative of the DIA, as required by statute. See G. L. c. 152, § 19(1).

Both the amount of § 36 compensation to be paid to the employee under the settlement agreement as well as the amount to be paid to the attorney for fees and costs were negotiated figures; in other words, they were less than what the employee originally sought or could potentially recover under the statute.[2] See G. L. c. 152, § 13A(5) ($3,500 attorney's fee to be paid in cases resolved within five days of hearing).

The settlement agreement makes no reference to the payment-reduction provision of G. L. c. 152, § 13A(10), nor does the

---

[2]The record does not clearly disclose the full amount of § 36 benefits originally sought by the employee, but the parties both acknowledged at oral argument that it was more than what he accepted in the settlement.

agreement state or imply that the amounts due would be subject to that provision. We nonetheless pause here to set out the payment-reduction provision because it is necessary to understand what happened after the parties reached their settlement. General Laws c. 152, § 13A(10), as appearing in St. 1991, c. 398, § 35, provides in relevant part as follows:

> "In any instance in which an attorney's fee under subsection (1) to (6), inclusive, is due as a result of a cash award[3] being made to the employee either voluntarily, or pursuant to an order or decision, the insurer may reduce the amount payable to the employee within the first month from the date of the voluntary payment order or decision,[4] by the amount owed the claimant's attorney; provided, however, that the amount paid to the employee shall not be reduced to a sum less than seventy-eight percent of what the employee would have received within that month if no attorney's fee were payable."

Relying on this payment reduction provision, AIM sent the employee a check for $5,930.16, rather than for the $7,602.77 specified under the settlement agreement. It arrived at this sum by applying a twenty-two percent reduction to the total § 36 compensation amount ($7,602.77). In other words, $7,602.77 - ($7,602.77 x .22 [i.e., $1,672.61]) = $5,930.16.

The employee sought relief from an administrative judge, who ordered AIM to reimburse the employee the deducted

---

[3]"*Cash Award* as used in [G. L.] c. 152, § 13A(10), shall mean any specific compensation benefits payable under [G. L.] c. 152, § 36 or § 36A and any weekly benefits payable under [G. L.] c. 152 of an amount that exceeds the weekly amount being paid the employee for the week immediately prior to the date of the voluntary payment, order or decision." 452 Code Mass. Regs. § 1.02 (2008). In light of our disposition of this appeal, we need not address, and express no opinion on, the questions whether the payment in this case was a "cash award" within the meaning of § 13A(10) and whether the definition of "cash award" in this regulation is consistent with the statute.

[4]"*Amount Payable to the Employee Within the First Month from the Date of the Voluntary Payment, Order or Decision* as used in [G. L.] c. 152, § 13A(10), shall mean any compensation due the employee under the terms of the voluntary payment, order or decision pursuant to [G. L.] c. 152, § 36 or § 36A and any future weekly benefits pursuant to [G. L.] c. 152 due the employee for the first 30 days subsequent to the date of the execution of a voluntary payment or the issuance of an order or decision." 452 Code Mass. Regs. § 1.02 (2008).

amount. The reviewing board of the DIA reversed, relying on two unpublished memoranda and orders of this court issued pursuant to our rule 1:28, see *Vazquez's Case*, 78 Mass. App. Ct. 1112 (2010), and *Grogan's Case*, 76 Mass. App. Ct. 1132 (2010). This appeal followed.

*Discussion.* Section 13A of the workers' compensation statute, G. L. c. 152, governs the award of attorney's fees for injured employees. In broad and general terms, the section can be read to reflect two legislative goals: to ensure adequate legal representation of the injured worker or his dependents, and to discourage protracted litigation. See *Green's Case*, 52 Mass. App. Ct. 141, 144 (2001); Nason, Koziol, & Wall, Workers' Compensation § 24.1, at 266 (3d ed. 2003).

One of the ways by which the statute seeks to accomplish these goals is to establish a graduated fee structure:

> "The fee structure is linked to the various stages through which a claim or complaint passes as it goes from conciliation to conference, hearing and review in the division of dispute resolution. When the claimant prevails or the insurer accepts a claim or withdraws a complaint, the insurer has to pay a set fee for each step, generally increasing as the case moves forward in the process."

*Ibid.* See G. L. c. 152, § 13A(1)-(6). Thus, by way of example, if an insurer agrees to pay the claimed compensation prior to conference, it will pay only $700 in attorney's fees, G. L. c. 152, § 13A(1), whereas if it does not agree to pay until within five days of hearing, it will pay $3,500 in attorney's fees, *Id.* § 13A(5).[5]

In addition to rewarding insurers who agree to pay an employee's claim earlier in the process, rather than later, the

---

[5]We note that for convenience we use the $700 and $3,500 figures that were the original attorney's fee amounts set by the statute as amended in 1991. Section 13A(10) specifies that the amounts in § 13A(1)-(6) are to be adjusted annually on October 1. Apparently the practice has been to publish these amounts by circular letter or other public means. See Nason, Koziol, & Wall, Workers' Compensation § 24.1, at 267. See also http://www.mass.gov/lwd/workers-compensation/wc-pubs/cls/2011/attorneys-fees-2011-table-ii.html (last visited March 14, 2012) (official Web site of the Executive Office of Labor and Workforce Development showing current § 13A[1] and [5] fee amounts as $1,062.34 and $5,311.62, respectively).

statute also creates an incentive for insurers who pay awards quickly. As set out above, § 13A(10) permits insurers in certain circumstances to reduce the amount awarded to compensate the employee for his or her injury by up to twenty-two percent if the insurer pays the award within one month. For ease, we repeat the operative language in the margin.[6]

In order to qualify for the § 13A(10) reduction, the insurer must show that there is (a) an attorney's fee under § 13A(1)-(6); (b) due as a result of a cash award; (c) being made to the employee either voluntarily, or pursuant to an order or decision; and (d) which the insurer pays within one month. All four conditions must be met in order to qualify for the reduction. We need look no further than the first condition in this case.

The § 13A(10) reduction applies only to attorney's fees under § 13A(1)-(6), each of which pertains to the fee to be awarded at different stages of the claim process. AIM contends that the $2,500 attorney's fee set by the settlement agreement falls within § 13A(5) because the settlement was reached within five days of the scheduled hearing. Timing, however, is only one of the components of § 13A(5). See *Richards's Case*, 62 Mass. App. Ct. 701, 705-706 (2004) (section 13A[5] "plainly and unambiguously" provides for attorney's fees in two defined circumstances, " '[w]henever an insurer [a] files a complaint *or* [b] contests a claim for benefits' . . . and the employee prevails against the complaint or contest"). As the statute specifies,

> "Whenever an insurer files a complaint or contests a claim for benefits and then either (i) accepts the employee's claim or withdraws its own complaint within five days of the date set for a hearing pursuant to section eleven; or (ii) the employee prevails at such hearing the insurer shall pay a fee to the employee's attorney in an amount equal to

---

[6]"In any instance in which an attorney's fee under subsection (1) to (6), inclusive, is due as a result of a cash award being made to the employee either voluntarily, or pursuant to an order or decision, the insurer may reduce the amount payable to the employee within the first month from the date of the voluntary payment order or decision, by the amount owed the claimant's attorney; provided, however, that the amount paid to the employee shall not be reduced to a sum less than seventy-eight percent of what the employee would have received within that month if no attorney's fee were payable." G. L. c. 152, § 13A(10).

three thousand five hundred dollars plus necessary expenses."

G. L. c. 152, § 13A(5).

We are not here concerned with (ii) because no hearing ever occurred, let alone a hearing at which the employee prevailed. Nor are we concerned with that portion of (i) dealing with an insurer who withdraws its complaint; AIM never filed a complaint in this case. Moreover, AIM did not "accept" the employee's claim for benefits; the § 36 compensation amount agreed upon in the settlement was negotiated down from the amount of the employee's claim.[7] The settlement amounts were the product of compromise; AIM did not accept the employee's claim. We note further (and perhaps most fundamentally) that the settlement agreement reflects a negotiated attorney's fee rather than that set by § 13A(5) or any other of the subsections (1)-(6). In short, apart from the fact that the settlement was reached within five days of the scheduled hearing, the terms of, and circumstances surrounding, the settlement agreement do not satisfy any of the requirements of § 13A(5).

*Conclusion.* There is no dispute in this case that AIM made its reduced payment within thirty days of the order endorsing the settlement. Prompt payment alone, however, without satisfying the other requirements of the statute, is not enough to qualify for the § 13A(10) reduction. Because AIM did not establish that it met all the requirements of G. L. c. 152, § 13A(10), it was not entitled to apply that section's reduction to the amount owed to the employee under the settlement agreement. The decision of the reviewing board is reversed, and the matter is remanded for entry of an award in favor of the employee's estate, including the unpaid amount of the settlement. Additionally, on remand the board shall reach and consider the pretermitted question whether the employee's estate is entitled to an award of attorney's fees under § 13A(5) for prevailing before the administrative judge on the settlement underpayment claim.[8]

The employee's estate has requested appellate attorney's fees

---

[7]To its credit, AIM frankly acknowledged during oral argument that it did not "accept" the employee's claim.

[8]We note that in addition to the employee's settlement underpayment claim, he also sought penalties under G. L. c. 152, §§ 8 and 14. The administrative

and costs and, in light of our disposition, is entitled to them pursuant to G. L. c. 152, § 12A. See *Daly's Case*, 405 Mass. 33, 42 (1989). Within two weeks of the date of this opinion, the employee's estate is to submit to the clerk of this court an application for fees and costs that comports with *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004). AIM shall file any response within two weeks thereafter.

*So ordered.*

judge declined to award penalties, and the reviewing board noted that the employee was not challenging that aspect of the administrative judge's decision. Nor did the employee's executor raise the question in this appeal. The issue of penalties is therefore waived, and the board need not consider it on remand except insofar as the outcome of the penalties claim may bear on prevailing party status for purposes of the potential attorney's fee under § 13A(5).