EDWARD D. MALOOF's CASE. July 30, 1980. The plaintiff employee appeals from a judgment by which the Superior Court affirmed a decision of the reviewing board awarding the employee compensation on his claim under G. L. c. 152, § 36 (recovery for specified injuries), and awarding interest from March 18, 1975. The decision was based on a conclusion that the reviewing board received the employee's claim on that date. See G. L. c. 152, § 50. The employee contends that interest should have been awarded from October 26, 1954, the date on which the reviewing board first received notice of the employee's claim for benefits under G. L. c. 152, § 34 (total disability), based on injuries incurred in 1954, or from December 16, 1955, the date on which the employee filed his § 34 claim with the board. There was no error.

The employee argues that his claim for benefits under § 36, filed on March 18, 1975, merely "reactivated" his § 34 claim, filed in 1955, and that because both claims were based on the same injuries, interest should be computed from 1954, or, in the alternative, from 1955. We think the text of G. L. c. 152, § 50, fails to support that position. Where, as here, the statutory language is unambiguous, we look to the language itself, giving it its natural and unstrained meaning. *Maze* v. *Mihalovich*, 7 Mass. App. Ct. 323, 324 (1979). General Laws c. 152, § 50, as amended through St. 1965, c. 616, provides in pertinent part that "[w]henever compensation is not paid within sixty days of notice to the insurer that compensation is claimed to be due an injured employee . . . and there are one or more hearings on any question involving the said compensation, in-

cluding appeals, and the decision is in favor of the employee . . . interest at the rate of six per cent per annum *from the date of the receipt of the notice of the claim by the board* to the date of payment shall be paid by the insurer on all sums due as compensation . . ." (emphasis supplied). On the facts of this case, the statute requires interest from the notice of the employee's § 36 claim on which compensation is now due the employee, and not from the notice of the earlier claim on which compensation was awarded and payments were made, albeit arising from the same injuries. *Murphy's Case*, 352 Mass. 233, 234 (1967), which concerns the applicability of a higher rate of interest under G. L. c. 152, § 50, to awards for injuries incurred prior to the effective date of the rate increase, has nothing whatever to do with the present case. The employee's § 36 claim was not a continuation of his original § 34 claim, but was, rather, a separate and distinct claim of a different nature. In general, "the purpose of the Massachusetts Workmen's Compensation Act is to compensate an injured employee for the impairment of his earning capacity. However, § 36 recovery for specified injuries is an exception, providing for payment in addition to all other compensation." *Vouniseas's Case*, 3 Mass. App. Ct. 133, 134 n.3 (1975). The Superior Court properly affirmed the reviewing board's decision awarding interest from March 18, 1975.

*Judgment affirmed.*

*Marc S. Alpert* for the employee.
*James C. Gahan, Jr.*, for the insurer.