395 Mass. 12 (1985)
478 N.E.2d 137
LILLIAN D. SOLOMON
vs.
SCHOOL COMMITTEE OF BOSTON.
Supreme Judicial Court of Massachusetts, Suffolk.
February 6, 1985.
May 23, 1985.
Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.
Matthew E. Dwyer for the plaintiff.
Mary Jo Hollender, Special Assistant Corporation Counsel (Michael J. Betcher, Special Assistant Corporation Counsel, with her) for the defendant.
NOLAN, J.
The plaintiff, Lillian D. Solomon, appeals from Superior Court judgments[1] which dismissed her complaint *13 On September 13, 1983, the plaintiff filed a complaint in the Superior Court requesting de novo judicial review of the plaintiff's dismissal from employment in the Boston public schools by vote of the school committee of Boston. See G.L.c. 71, § 43A. By agreement, the parties presented evidence on the preliminary issue concerning "whether the Plaintiff was serving at discretion within the meaning of G.L.c. 71, § 41."[2] The defendant then filed a motion for involuntary dismissal pursuant to Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974). The Superior Court judge treated and allowed the motion as one for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974). In allowing the motion, the judge concluded that the plaintiff's maternity leave, taken under G.L.c. 149, § 105D, was a "significant interruption of the plaintiff's service during the 1980-1981 school year which appears, on its face, to disqualify her from tenure under [G.L.c. 71, § 41].... Without the benefit of tenure, plaintiff is barred from claiming *14 a right of appeal under [G.L.c. 71, § 43A]."[3] We allowed the plaintiff's application for direct appellate review. For the reasons set forth below, we conclude that the plaintiff was a tenured teacher entitled to de novo judicial review pursuant to G.L.c. 71, § 43A.
The parties substantially agree to the facts which affect a determination of the plaintiff's tenure. The plaintiff served as a provisional teacher in the Boston public schools on a regular and continuing basis during the 1978-1979 and 1979-1980 school years. The defendant again hired the plaintiff as a provisional teacher at the start of the 1980-1981 school year. By November 20, 1980, the plaintiff had exhausted her sick leave granted under the 1980-1981 teachers' contract. On November 20, 1980, the plaintiff began a maternity leave from her employment.[4] She returned to work on January 18, 1981. After the plaintiff's return, the defendant employed the plaintiff as a provisional teacher on a regular and continuous basis until the end of the 1982-1983 school year. On August 16, 1983, the *15 defendant, by a unanimous vote, dismissed the plaintiff from her employment as a teacher in the Boston public schools. Prior to the dismissal vote, the defendant attempted to comply with the requirements of G.L.c. 71, § 42.[5]
1. Applicability of G.L.c. 149, § 105D. The defendant contends that the plaintiff, at the time of her pregnancy, was a probationary teacher and, therefore, not eligible for maternity leave under G.L.c. 149, § 105D. We disagree. Section 105D, inserted by St. 1972, c. 790, § 1, authorizes an eight-week maternity leave for "[a] female employee who has completed the initial probationary period set by the terms of her employment or, if there is no such probationary period, has been employed by the same employer for at least three consecutive months as a full-time employee ..." (emphasis added). The defendant argues that G.L.c. 71, § 41, establishes the "probationary period" for teachers as three consecutive years. (We accept the term "probationary period" without deciding whether the three-year period is probationary in nature.) This argument overlooks the clear language of G.L.c. 149, § 105D, which only limits eligibility for maternity leave during the "initial probationary period."
*16 The Legislature authorized the Massachusetts Commission Against Discrimination (MCAD) to promulgate rules and regulations concerning the provisions of G.L.c. 149, § 105D. G.L.c. 151B, §§ 3 (5), 3 (6) and 3 (11A). Pursuant to this authority, MCAD adopted a regulation which defined the "initial probationary period" as "the period of time not exceeding six calendar months set by an employer to establish initial suitability of an employee to perform a job notwithstanding the fact that the actual period required to attain tenure and other employment benefits may be longer." 804 Code Mass. Regs. § 8.01 (2) (1978). We do not agree with the defendant's assertion that this regulation conflicts with G.L.c. 71, § 41, by redefining a teacher's probationary period. Rather, the regulation merely delineates that portion of a teacher's probationary or provisional period which is the "initial probationary period" for purposes of G.L.c. 149, § 105D. Furthermore, the MCAD's regulation reflects the legislative intent only to preclude eligibility for maternity leave during a brief initial employment period. Absent a set probationary period, a female employee is eligible for maternity leave after "three consecutive months as a full-time employee." G.L.c. 149, § 105D. This "properly promulgated regulation has the force of law, Purity Supreme, Inc. v. Attorney Gen., [380 Mass. 762,] 768 [1980], and must be accorded all the deference due to a statute. Massachusetts State Pharmaceutical Ass'n v. Rate Setting Comm'n, [387 Mass. 122,] 127 [(1982)]." Borden, Inc. v. Commissioner of Pub. Health, 388 Mass. 707, 723, cert. denied. Formaldeheyde Inst., Inc. v. Frechette, 464 U.S. 936 (1983). The plaintiff was eligible for an eight-week maternity leave pursuant to G.L c. 149, § 105D.
2. Whether the plaintiff attained tenure. The judge concluded that the plaintiff's maternity leave was a significant interruption in her employment which destroyed the continuity of her service for tenure purposes. In reaching this conclusion, we believe that the judge attempted to harmonize a perceived conflict between G.L.c. 149, § 105D,[6] and G.L.c. 71, § 41. The *17 judge supported his conclusion through emphasis of a "conditional clause" in G.L.c. 149, § 105D, which does not allow the inclusion of the eight weeks of maternity leave in the computation of benefits, rights and advantages. The judge implicity determined that the plaintiff's time on maternity leave in her third year of service could not be counted towards tenure and destroyed the consecutive nature of her service. This interpretation results in requiring a nontenured teacher to recommence *18 her consecutive years of service anytime she properly takes maternity leave under G.L.c. 149, § 105D. Rather than reach such a harsh result, we construe G.L.c. 149, § 105D, and G.L.c. 71, § 41, in a manner that gives reasonable effect to both. See Goldsmith v. Reliance Ins. Co., 353 Mass. 99, 102 (1967). See also Dedham v. Labor Relations Comm'n, 365 Mass. 392, 402 (1974).
In a recent pronouncement concerning the tenure statute, the Appeals Court stated that "absences which are excused or sanctioned by the contract or by the school committee would not weigh against the teacher's entitlement to tenure." Fortunato v. King Philip Regional School Dist. Comm., 10 Mass. App. Ct. 200, 206 (1980). A maternity leave taken pursuant to G.L.c. 149, § 105D, is a similarly excused absence. That the Legislature did not intend such a maternity leave to weigh entirely against a teacher's tenure is evident by the requirement in G.L.c. 149, § 105D, that such leave not affect the employee's right to receive any advantages or rights of her employment. Tenure radically affects a teacher's employment. See G.L.c. 71, §§ 42, 42D and 43. A teacher's service for tenure purposes is on a par with seniority and length of service credit and an advantage protected by G.L.c. 149, § 105D. Allowing a statutorily sanctioned maternity leave to terminate the continuity of a teacher's service towards tenure not only affects tenure but destroys it. A teacher who exercises her constitutionally protected choice to have a child, see Cleveland Bd. of Educ. v. LaFleur, 414 U.S. 632, 639-640 (1974), during her first three years of service need not recommence counting three consecutive years of service.
Although a statutory maternity leave does not deprive a teacher of her right to tenure, we must give effect to the proviso "that such maternity leave shall not be included, when applicable, in the computation of such benefits, rights, and advantages...." G.L.c. 149, § 105D. The time spent on maternity leave may not be counted towards the amount of time required for tenure. To prevent a statutory maternity leave from being weighed against a teacher's right to tenure, a school committee must not view such leave as interrupting the consecutive nature *19 of a teacher's service. Because maternity leave cannot be included in the computation of tenure, the year in which such leave is taken is not a complete school year. Cf. Nester v. School Comm. of Fall River, 318 Mass. 538, 542-543 (1945).
The defendant argues that a result such as that reached today is precluded by art. 106 of the Amendments to the Massachusetts Constitution, G.L.c. 151B, § 4 (1), and Title VII, 42 U.S.C. §§ 2000e - 2000e-17 (1982). This argument is based on a hypothetical premise that a male teacher could be denied tenure because of a break in service similar in length and nature to a statutory maternity leave. This Court does not rule on the constitutionality of hypothetical questions. See Slama v. Attorney Gen., 384 Mass. 620, 624 (1981).
Giving reasonable and harmonious effect to each portion of G.L.c. 149, § 105D, and to G.L.c. 71, § 41, see Goldsmith v. Reliance Ins. Co., 353 Mass. 99, 102 (1967), we conclude that a teacher by taking maternity leave pursuant to G.L.c. 149, § 105D, does not interrupt the consecutiveness of her service except as to the period of time consumed by the leave. We leave open the question whether such teacher must serve an entire additional year to compensate for the incomplete school year because in this case the plaintiff did serve an entire additional year. For the foregoing reasons, we vacate the judgment of the Superior Court and remand this matter for a de novo judicial review of the plaintiff's dismissal pursuant to G.L.c. 71, § 43A.
So ordered.
NOTES
[1] On March 5, 1984, a clerk of the Superior Court initially entered judgment on the complaint. Although a memorandum of decision and order accompanied the judgment, the parties contend that neither was aware of any findings which accompanied the judgment. The docket indicates that notice was sent March 5, 1984. The plaintiff appealed from this judgment and filed a motion for additional findings. The defendant filed a motion requesting entry of proposed findings of fact, conclusions of law, and order for judgment submitted with the motion. The judge, in a substantially identical form, adopted these in his subsequent findings of fact, conclusion of law and order for judgment. Some discrepancies exist between the initial memorandum and this subsequent document. On July 18, 1984, the court again entered judgment on this complaint.
[2] The pertinent portion of G.L.c. 71, § 41, as amended by St. 1973, c. 847, § 6, provides that: "Every school committee, in electing a teacher who has served in its public schools for the three previous consecutive school years, shall employ him to serve at its discretion, except as provided in section thirty-eight G; but any school committee may elect a teacher who has served in its schools for not less than one school year to serve at such discretion. A teacher not serving at discretion shall be notified in writing on or before April Fifteenth whenever such person is not to be employed for the following school year. Unless said notice is given as herein provided, a teacher not serving at discretion shall be deemed to be appointed for the following school year."

A teacher serving at discretion is considered tenured and entitled to certain procedural protections upon dismissal, G.L.c. 71, § 42, and de novo judicial review of a dismissal, G.L.c. 71, § 43A.
[3] The quoted passage appears in the initial memorandum. In his subsequent findings of fact, conclusions of law and order for judgment, the judge adopted the defendant's conclusion that the plaintiff "was not entitled to a maternity leave under G.L.c. 149, § 105D.... Even if [the plaintiff's] absence to give birth to a child during the 1980-1981 school year were a maternity leave under G.L.c. 149, § 105D, the statute prohibits her from including her time away from work for maternity leave in the computation of her rights under G.L.c. 71, § 41." The issues whether the plaintiff was eligible for maternity leave under G.L.c. 149, § 105D, and if so, whether such leave affected her right to tenure under G.L.c. 71, § 41, are dealt with in our opinion.
[4] The defendant employed the plaintiff under a "Provisional Teacher Contract." Either party could terminate the contract upon five days' notice by certified mail, return receipt requested. The defendant contends and the judge found that the defendant cancelled the contract on November 20, 1980. The plaintiff argues that the finding was clearly erroneous. The only evidence of cancellation was an entry in the plaintiff's personnel record. The plaintiff denied receiving any notice that her 1980-1981 contract was cancelled. The defendant did not rebut this testimony. As the contract does not affect the plaintiff's right to tenure, see Ryan v. Superintendent of Schools of Quincy, 363 Mass. 731, 740 (1973), we need not determine whether the judge's finding that the contract was cancelled was clearly erroneous.
[5] In his supplemental findings, the judge stated that "Ms. Solomon was accorded all of the procedural rights granted to tenured teachers under G.L.c. 71, § 42, with respect to her discharge, and does not contest the sufficiency of the due process she received." As this finding may affect the disposition of this case on remand, we are compelled to examine its accuracy. The only evidence of the procedural rights granted to the plaintiff was copies of two letters and a related stipulation which indicated that the plaintiff received notices of the dismissal and of the hearing. In her complaint, the plaintiff alleged that the defendant received documents in support of her dismissal on an ex parte basis and thereby deprived the plaintiff of a fair and impartial hearing. Such an allegation, if proved, could affect a determination of the fairness and impartiality of the hearing. See Perkins v. School Comm. of Quincy, 315 Mass. 47, 52 (1943). The motion for summary judgment concerned only the issue of the plaintiff's tenure. Neither party submitted evidence as to whether the plaintiff received a fair and impartial hearing. Absent sufficient evidence to support the judge's findings, we are "left with the definite and firm conviction that a mistake has been committed." Building Inspector of Lancaster v. Sanderson, 372 Mass. 157, 160 (1977), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). On remand, the plaintiff may "contest the sufficiency of the due process received."
[6] General Laws c. 149, § 105D, inserted by St. 1972, c. 790, § 1, provides: "A female employee who has completed the initial probationary period set by the terms of her employment or, if there is no such probationary period, has been employed by the same employer for at least three consecutive months as a full-time employee, who is absent from such employment for a period not exceeding eight weeks for the purpose of giving birth, said period to be hereinafter called maternity leave, and who shall give at least two weeks' notice to her employer of her anticipated date of departure and intention to return, shall be restored to her previous, or a similar, position with the same status, pay, length of service credit and seniority, wherever applicable, as of the date of her leave. Said maternity leave may be with or without pay at the discretion of the employer.

"Such employer shall not be required to restore an employee on maternity leave to her previous or a similar position if other employees of equal length of service credit and status in the same or similar position have been laid off due to economic conditions or other changes in operating conditions affecting employment during the period of such maternity leave; provided, however, that such employee on maternity leave shall retain any preferential consideration for another position to which she may be entitled as of the date of her leave.
"Such maternity leave shall not affect the employee's right to receive vacation time, sick leave, bonuses, advancement, seniority, length of service credit, benefits, plans or programs for which she was eligible at the date of her leave, and any other advantages or rights of her employment incident to her employment position; provided, however, that such maternity leave shall not be included, when applicable, in the computation of such benefits, rights, and advantages; and provided, further, that the employer need not provide for the cost of any benefits, plans, or programs during the period of maternity leave unless such employer so provides for all employees on leave of absence. Nothing in this section shall be construed to affect any bargaining agreement or company policy which provides for greater or additional benefits than those required under this section.
"A notice of this provision shall be posted in every establishment in which females are employed.
"For the purposes of this section, an "employer" shall be defined as in subsection 5 of section one of chapter one hundred and fifty-one B."
This section was amended by St. 1984, c. 423, which inserted "or for adopting a child under three years of age" after the words "giving birth" in the first paragraph.