# Bruce Spaniol's Case.

Suffolk. April 2, 2013. - July 30, 2013.

Present: Ireland, C.J., Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Workers' Compensation Act,* Insurer, Amount of compensation, Attorney's fees, Settlement agreement.

Discussion of the statutory and regulatory framework permitting an insurer, in certain circumstances, to partially offset the amount of workers' compensation benefits payable to an injured employee by the amount the insurer statutorily owes to the employee's attorney. [103-104]

This court concluded that G. L. c. 152, § 13A (10), permits an insurer to partially offset the amount of workers' compensation benefits payable to an injured employee by the amount the insurer statutorily owes to the employee's attorney, but only with regard to prospective periodic payments of benefits, and not in the case of an award of compensation for specific injuries under G. L. c. 152, § 36, in light of the Legislature's clearly expressed intent that such an award be viewed and treated differently from all other types of workers' compensation and the humanitarian nature of the workers' compensation act [106-109]; further, where certain regulations promulgated by the Commissioner of Industrial Accidents were not in harmony with this legislative mandate, this court deemed those regulations void insofar as they encompassed compensation for specific injuries pursuant to § 36. [110-111]

Appeal from a decision of the Industrial Accident Reviewing Board.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Kimberly Davis Crear* for the insurer.

*Charles E. Berg* for the employee.

*Paul M. Moretti,* for Property Casualty Insurers' Association of America, amicus curiae, submitted a brief.

Spina, J. At issue in this case is whether a provision of the Workers' Compensation Act (Act) pertaining to attorney's fees, G. L. c. 152, § 13A (10), allows an insurer to withhold up to twenty-two per cent of an employee's compensation award for

specific injuries under G. L. c. 152, § 36, to offset the insurer's payment of the attorney's fees incurred by the employee. We conclude that it does not. Therefore, we reverse the decision of the reviewing board (board) of the Department of Industrial Accidents (department), which reached a contrary conclusion.

1. *Statutory and regulatory framework.* General Laws c. 152, § 13A (10), provides, in relevant part:

> "The attorneys' fees specified in this section shall be the only fees payable for any services provided to employees under this chapter unless otherwise provided by an arbitration agreement pursuant to section ten B. In any instance in which an attorney's fee under subsection (1) to (6), inclusive, is due as a result of a *cash award* being made to the employee either voluntarily, or pursuant to an order or decision, the insurer may reduce the *amount payable to the employee within the first month from the date of the voluntary payment[,] order or decision*, by the amount owed the claimant's attorney; provided, however, that the amount paid to the employee shall not be reduced to a sum less than seventy-eight percent of what the employee would have received within that month if no attorney's fee were payable" (emphasis added).

General Laws c. 152, § 5, vests the Commissioner of Industrial Accidents (commissioner) with the authority to "promulgate rules and regulations consistent with this chapter for carrying out the functions of the department." See *Solomon* v. *School Comm. of Boston*, 395 Mass. 12, 16 (1985) (agency charged with enforcing statute authorized to define terms when Legislature silent, and properly promulgated regulations have force of law). In accordance with this authority, the commissioner promulgated 452 Code Mass. Regs. § 1.02 (2008), which defines the term "Cash Award," as used in § 13A (10), to mean "any specific compensation benefits payable under [G. L.] c. 152, § 36 or § 36A and any weekly benefits payable under [G. L.] c. 152 of an amount that exceeds the weekly amount being paid the employee for the week immediately prior to the date of the voluntary payment, order or decision." Further, the phrase "Amount Payable to the Employee Within the First Month from the Date of the Voluntary Payment, Order or Decision," as used

in § 13A (10), has been defined in 452 Code Mass. Regs. § 1.02 (2008) to mean "any compensation due the employee under the terms of the voluntary payment, order or decision pursuant to []G. L. c. 152, § 36 or § 36A and any future weekly benefits pursuant to []G. L. c. 152 due the employee for the first 30 days subsequent to the date of the execution of a voluntary payment or the issuance of an order or decision."

2. *Background.* On December 24, 2003, Bruce Spaniol (employee) sustained injuries to his right knee, shoulder, and head when he slipped and fell during the course of his employment at Fairview Commons Nursing & Rehabilitation Center, a member of Berkshire Healthcare Systems, Inc. (employer). He began to receive workers' compensation benefits under G. L. c. 152, § 34, for total incapacity.

On April 22, 2005, the employee filed a claim against his employer's workers' compensation insurer, A.I.M. Mutual Insurance Company (insurer), for medical benefits pursuant to G. L. c. 152, §§ 13 and 30.[1] On September 11, 2006, he filed an additional claim seeking compensation for specific injuries under G. L. c. 152, § 36. An administrative judge of the department held a conference with the parties pursuant to G. L. c. 152, § 10A, and subsequently issued a conference order denying the employee's claim for specific compensation. The employee filed a timely appeal, and a hearing was scheduled before the administrative judge for November 19, 2007. That day, instead of proceeding with the hearing, the parties signed an "Agreement to Pay Compensation," which provided for the payment of $7,602.77 to the employee for specific permanent injuries under § 36, plus attorney's fees in the amount of $2,500, and reasonable costs.

The insurer issued the employee a check for $5,930.16. This amount represented the specific compensation award of $7,602.77, minus a twenty-two per cent reduction ($1,672.61), taken pursuant to § 13A (10), to partially offset the insurer's payment of the employee's attorney's fees. In response to this

[1]It is unclear from the record whether and to what extent the claim for medical benefits under G. L. c. 152, §§ 13 and 30, was paid. However, at oral argument, counsel for the insurer represented that the insurer had not contested the payment of medical benefits.

offset, the employee filed a claim under G. L. c. 152, §§ 8 and 14, for reimbursement of the $1,672.61 deducted from his compensation award, and for the imposition of penalties on the insurer. The administrative judge held a conference with the parties pursuant to G. L. c. 152, § 10A, and subsequently issued a conference order dated July 8, 2008, denying the employee's claim. The employee filed a timely appeal.

A de novo hearing was held on February 19, 2009, at which the employee argued that § 13A (10) does not apply to compensation awarded for specific injuries under § 36, that he was entitled to reimbursement of the deducted attorney's fees, and that penalties should be imposed on the insurer. The administrative judge issued a decision on April 7, 2009, in which he concluded that the employee's interpretation of § 13A (10) was correct. The administrative judge stated that, in light of the humanitarian nature of the Act and its beneficent design, it would be contrary to the intent of § 36 to reduce "an already paltry benefit" for permanent injuries by twenty-two per cent. Further, the language of § 13A (10), providing for attorney's fees "as a result of a cash award *being made* to the employee," suggests an ongoing payment of benefits, not a single retroactive payment such as would be made for a specific injury under § 36. G. L. c. 152, § 13A (10). In the administrative judge's view, a different construction of this statutory language could result in an employee bearing full responsibility for the payment of attorney's fees, notwithstanding the fact that the provisions of § 13A express the Legislature's intent to have an insurer bear the costs of an injured employee's representation. Accordingly, the administrative judge ordered the insurer to reimburse the employee $1,672.61 for the deduction taken from his specific compensation award. The administrative judge denied the employee's request for the imposition of penalties on the insurer on the grounds that the legal issue presented was one of first impression, and the insurer had proceeded in good faith. Both parties appealed.

By decision dated January 4, 2011, the board reversed the decision of the administrative judge, concluding that § 13A (10) and 452 Code Mass. Regs. § 1.02 allowed the insurer to withhold up to twenty-two per cent of the employee's specific com-

pensation award to offset his attorney's fees. The employee appealed.[2] The Appeals Court reversed the board's decision. See *Spaniol's Case*, 81 Mass. App. Ct. 437 (2012). We granted the insurer's application for further appellate review to consider the interplay between § 13A (10) and § 36.[3]

3. *Standard of review.* We review the board's decision in accordance with the standards set forth in G. L. c. 30A, § 14 (7), governing appeals from final administrative agency decisions, but we do not consider whether the board's decision was supported by substantial evidence. See G. L. c. 152, § 12 (2); *Wadsworth's Case*, 461 Mass. 675, 679 (2012); *Sikorski's Case*, 455 Mass. 477, 479-480 (2009). We may reverse or modify the board's decision where, among other reasons, it is based on an error of law, or is arbitrary, capricious, or otherwise not in accordance with law. See G. L. c. 30A, § 14 (7) (*c*), (*g*). "The board, as the agency charged with administering the workers' compensation law, is entitled to substantial deference in its reasonable interpretation of the statute." *Sikorski's Case*, *supra* at 480. See *Gateley's Case*, 415 Mass. 397, 399 (1993). However, the duty of statutory interpretation ultimately is for the courts. See *Higgins's Case*, 460 Mass. 50, 53 (2011); *Moss's Case*, 451 Mass. 704, 709 (2008).

4. *Discussion.* The employee contends that although § 13A (10) permits, in certain circumstances, an insurer to partially offset the amount of workers' compensation benefits payable to an injured employee by the amount the insurer statutorily owes to the employee's attorney, this cost-saving provision was intended to apply only to prospective periodic payments of benefits, not to an award of compensation for specific injuries under § 36. We agree.

It has long been recognized that the Act "was enacted as a 'humanitarian measure' in response to strong public sentiment that the remedies afforded by actions of tort at common law did not provide adequate protection to workers." *Neff* v. *Commissioner of the Dep't of Indus. Accs.*, 421 Mass. 70, 73 (1995),

---

[2] Bruce Spaniol is deceased. His interests are being represented by the administrator of his estate, Warren G. Hawkes.

[3] We acknowledge the amicus brief filed by Property Casualty Insurers' Association of America in support of A.I.M. Mutual Insurance Company.

quoting *Young* v. *Duncan*, 218 Mass. 346, 349 (1914). It is designed to provide financial compensation for the impairment of an injured worker's earning capacity. See *Sellers's Case*, 452 Mass. 804, 810 (2008), and cases cited. See also *McCarty's Case*, 445 Mass. 361, 362-363 (2005) (permanently or partially incapacitated employee entitled to receive compensation based on certain formulas in G. L. c. 152, §§ 34 and 35, that include calculation of employee's average weekly wage). The Act is "a remedial statute and should be given a broad interpretation, viewed in light of its purpose and to 'promote the accomplishment of its beneficent design.' " *Neff* v. *Commissioner of the Dep't of Indus. Accs.*, *supra*, quoting *Young* v. *Duncan*, *supra*. See *Higgins's Case*, *supra*. Further, it must be analyzed "as a whole . . . so that the various portions taken together shall constitute a harmonious and consistent legislative enactment." *Price* v. *Railway Express Agency, Inc.*, 322 Mass. 476, 480 (1948).

General Laws c. 152, § 36, provides for the payment of a designated sum of compensation to an employee who has suffered specific work-related injuries. More particularly, "compensation is paid to an employee who sustains permanent loss of sight, hearing, arms, legs, or other bodily functions, or who has a permanent disfigurement." *Walker's Case*, 443 Mass. 157, 161 (2004), *S.C.*, 453 Mass. 358 (2009). See G. L. c. 152, § 36 (1) (*a*)-(*k*). An award of compensation under § 36 is "separate and distinct" from benefits an employee is entitled to receive under other sections of the Act, including those for total incapacity. *Maloof's Case*, 10 Mass. App. Ct. 853, 854 (1980) ("The employee's § 36 claim was not a continuation of his original § 34 claim, but was, rather, a separate and distinct claim of a different nature"). See *Walker's Case*, *supra*. Payment for a specific injury under § 36 is "[i]n addition to all other compensation to the employee." G. L. c. 152, § 36 (1). See *Kaczmarczyk's Case*, 328 Mass. 9, 12 (1951); *Vouniseas's Case*, 3 Mass. App. Ct. 133, 134 n.3 (1975). By so categorizing § 36 compensation, the Legislature has expressed a clear intent that it be viewed and treated differently from all other types of workers' compensation. See, e.g., G. L. c. 152, § 26 (compensation for personal injury); *id.* at § 30 (medical expenses); *id.* at

§ 31 (death benefits for dependents); *id.* at § 33 (burial expenses); *id.* at § 34 (compensation for total incapacity); *id.* at § 35 (compensation for partial incapacity). For this reason, an award of compensation under § 36 is not subject to reduction by an insurer for the payment of attorney's fees pursuant to § 13A (10); the insurer is obligated to pay the entire attorney's fees due the employee's counsel under § 13A (10) with no offset.

Section § 13A (10) states that where "an attorney's fee under subsection (1) to (6), inclusive, is due as a result of a cash award being made to the employee . . . , the insurer may reduce the amount payable to the employee within the first month . . . by the amount owed the claimant's attorney." We read this language as pertaining only to an employee's recovery of weekly indemnity benefits, not the recovery of a compensation award for specific injuries under § 36. Although the cash award made to the injured employee, which gives rise to the insurer's obligation to pay attorney's fees, may be partially reduced by the amount owed to the employee's lawyer, the offset comes *solely* from the employee's first month's payment. See G. L. c. 152, § 13A (10). This statutory caveat strongly suggests that workers' compensation benefits continue to be paid in subsequent months and, therefore, are weekly indemnity benefits, not § 36 compensation. Our interpretation is consistent with additional language in § 13A (10), stating that "the amount paid to the employee shall not be reduced to a sum less than seventy-eight percent of what the employee would have received *within that month* if no attorney's fee were payable" (emphasis added). This limitation on the scope of an insurer's offset reflects a general legislative intent to have an insurer bear the cost of an injured employee's attorney so as to discourage unnecessary litigation, see *Green's Case,* 52 Mass. App. Ct. 141, 144 (2001), while at the same time recognizing that it is reasonable for an employee to pay a token amount of the cost of the legal representation that has enabled the employee to prevail on his workers' compensation claim in the first instance.

Our determination that an insurer, pursuant to § 13A (10), may not offset the amount owed an employee's attorney in circumstances where the employee has received a specific com-

pensation award under § 36 comports with the humanitarian nature of the Act. General Laws c. 152 is designed to protect injured workers, not to allow for the reimbursement of insurers. Weekly indemnity benefits for one month typically will be far less than a specific compensation award under § 36. In this case, for example, the employee's weekly indemnity benefits for total incapacity were $483.06. The amount payable to the employee within the first month of his receiving such benefits would be approximately $1,932.24. The maximum amount of attorney's fees that could be deducted pursuant to the twenty-two per cent offset permitted under § 13A (10) would be $425.09, notwithstanding the insurer's ongoing obligation to pay benefits. As weekly indemnity benefits continue to be paid after the first month, nothing further is deducted pursuant to § 13A (10), the effect of which is that a deduction for an attorney's fee represents an ever diminishing portion of the total weekly benefits paid and payable.

By comparison, the employee's compensation for specific permanent injuries under § 36 was $7,602.77. The maximum amount of attorney's fees that could be deducted from this finite sum if § 13A (10) were applicable was $1,672.61. It therefore follows that an injured employee would receive less total workers' compensation if attorney's fees were deducted from a § 36 award than if attorney's fees were deducted from only one month's payment of weekly indemnity benefits. Such an outcome would be contrary to the purpose of the Act, would result in the employee paying more than a token amount of the cost of his legal representation, and would confer a windfall on insurers at the expense of injured employees. In our view, this is not what the Legislature intended when it permitted a limited recovery of attorney's fees by an insurer under § 13A (10).

Further, our interpretation of § 13A (10) is consistent with both the language of § 36 and our related jurisprudence that an award of compensation for specific injuries is separate and distinct from other types of workers' compensation benefits that an injured employee might receive. Lumping these diverse benefits together for purposes of § 13A (10) would be contrary to the Legislature's intent that they be treated differently, and we are aware of no precedent that requires such a result.

We now consider the validity of 452 Code Mass. Regs. § 1.02, wherein the commissioner defined the terms "Cash Award" and "Amount Payable to the Employee Within the First Month from the Date of the Voluntary Payment, Order or Decision," as used in § 13A (10), to include compensation payable under § 36. A two-part analysis is employed to determine the validity of a duly promulgated regulation. See *Goldberg* v. *Board of Health of Granby*, 444 Mass. 627, 632-633 (2005). First, using conventional tools of statutory interpretation, we consider "whether the Legislature has spoken with certainty on the topic in question, and if we conclude that the statute is unambiguous, we give effect to the Legislature's intent." *Id.* "An agency regulation that is contrary to the plain language of the statute and its underlying purpose may be rejected by the courts." *Smith* v. *Commissioner of Transitional Assistance*, 431 Mass. 638, 646 (2000). See *Massachusetts Hosp. Ass'n* v. *Department of Med. Sec.*, 412 Mass. 340, 346 (1992). Second, if the Legislature has not directly addressed the pertinent issue and the statute is capable of more than one rational interpretation, we proceed to determine whether the agency's interpretation may "be reconciled with the governing legislation." *Goldberg* v. *Board of Health of Granby*, supra at 633, quoting *Nuclear Metals, Inc.* v. *Low-Level Radioactive Waste Mgt. Bd.*, 421 Mass. 196, 211 (1995). See *Biogen IDEC MA, Inc.* v. *Treasurer & Receiver Gen.*, 454 Mass. 174, 187 (2009).

It is a well-established principle that "[a] state administrative agency in Massachusetts has considerable leeway in interpreting a statute it is charged with enforcing." *Berrios* v. *Department of Pub. Welfare*, 411 Mass. 587, 595 (1992), quoting A.J. Cella, Administrative Law and Practice § 747 (1986). Regulations properly promulgated by an administrative agency are "not to be declared void unless their provisions cannot by any reasonable construction be interpreted in harmony with the legislative mandate." *Dowell* v. *Commissioner of Transitional Assistance*, 424 Mass. 610, 613 (1997), quoting *Berrios* v. *Department of Pub. Welfare*, supra. See *Green's Case*, supra. See also *Kszepka's Case*, 408 Mass. 843, 847-849 (1990) (incorrect interpretation of statute not entitled to deference). "[A] regulation that is irreconcilable with an agency's enabling legislation cannot

stand." *Quincy* v. *Massachusetts Water Resources Auth.*, 421 Mass. 463, 468 (1995).

General Laws c. 152 does not define the terms "cash award" and "amount payable to the employee within the first month from the date of the voluntary payment[,] order or decision," as used in § 13A (10). The generality of these terms renders them susceptible of various rational interpretations regarding whether and how an insurer can take an offset for the payment of an attorney's fee from an amount due an injured employee. Therefore, these terms are the proper subject of rulemaking by the commissioner. See *Biogen IDEC MA, Inc.* v. *Treasurer & Receiver Gen.*, *supra* at 188. That said, in light of our conclusion that an award of compensation under § 36 for specific injuries is not subject to an offset for an attorney's fee pursuant to § 13A (10), the definitions of "cash award" and "amount payable to the employee within the first month from the date of the voluntary payment, order or decision," as promulgated by the commissioner, are not in harmony with the legislative mandate. Consequently, these definitions must be deemed void insofar as they encompass compensation for specific injuries pursuant to § 36.[4]

5. *Conclusion.* The decision of the board, allowing the insurer to withhold up to twenty-two per cent of the employee's specific compensation award under § 36 to offset the employee's attorney's fee, is reversed.[5] The employee's request for reasonable appellate attorney's fees and costs is allowed. See G. L.

---

[4]We note that the definitions of the terms "cash award" and "amount payable to the employee within the first month from the date of the voluntary payment, order or decision" include compensation payable to an employee under G. L. c. 152, § 36A. See 452 Code Mass. Regs. § 1.02 (2008). Section 36A provides, in part, that where "an injured employee who has become entitled to compensation under [§ 36] dies before fully collecting the said compensation, the balance remaining shall become due and payable in a lump sum to his dependents." G. L. c. 152, § 36A. The facts of the present case do not involve the death of an injured employee. Therefore, we leave for another day the determination whether the definitions of "cash award" and "amount payable to the employee within the first month from the date of the voluntary payment, order or decision," as set forth in 452 Code Mass. Regs. § 1.02, are valid vis-à-vis § 36A, or with regard to any other type of nonperiodic payment.

[5]This case need not be remanded for entry of an award in favor of the employee's estate where, as a consequence of the administrative judge's decision, the insurer paid the employee the deducted amount of $1,672.61 prior to the employee's death.

c. 152, § 12A.[6] He may file with the clerk of this court materials detailing and supporting the requested attorney's fees and costs within fourteen days of the rescript in accordance with the procedure outlined in *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004). The insurer shall have fourteen days to respond, after which this court will issue an appropriate order.

*So ordered.*

---

[6]Such attorney's fees and costs are those associated with the appeals before the Appeals Court and this court. In its decision dated January 4, 2011, the board noted that, in light of its conclusion that the administrative judge erred in ordering the insurer to reimburse the employee, it need not address the only issue that had been raised by the employee in its cross appeal, namely, that the administrative judge erred in failing to award the employee an attorney's fee under G. L. c. 152, § 13A (5), for prevailing on his claim for reimbursement. This matter has not been raised in the present appeal. Accordingly, it has been waived. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).