Cheryl Briere (employee) worked as a certified nurse's assistant from 1972 to 2011. She was awarded permanent total incapacity benefits under G. L. c. 152, § 34A, by an administrative judge who heard evidence of several injuries suffered by the employee while at work. An appeal by the insurer to the reviewing board of the Department of Industrial Accidents (board) led to that decision being affirmed in part and vacated in part: the board vacated the award of § 34A benefits and replaced it with an award of temporary total disability benefits pursuant to G. L. c. 152, § 34. The insurer challenges the board's decision. We affirm.
The administrative judge heard evidence that included reports and depositions from three physicians. The evidence detailed a series of injuries-some work-related, others not-suffered by the employee over a period of nearly forty years. These include two car accidents, a series of undated workplace injuries, treatment for hip, back, and neck pain, and a 2011 incident where the employee, while working, was injured while helping lift a 400-pound patient into a car. Some of the employee's work-related injuries were reported to the employer while others were not. An impartial medical examiner opined in a report that there existed "several non-work related pre-existing medical issues to her back, her neck, her arms and her hips." Another physician opined that the employee's back injury was the result of "heavy stresses imposed on [her] while performing the physical duties of [her job]." The third physician, who was also the employee's primary care physician, further opined that the employee's neck, back, and hand pain, as well as her anxiety and sleep issues, were related to her employment.
The board first properly corrected the administrative judge's benefits award from § 34A benefits to § 34 benefits. From there, the board addressed the insurer's argument that the administrative judge did not properly consider the insurer's defense under G. L. c. 152, § 1(7A), which provides in part that a work-related injury that combines with a preexisting condition is compensable "only to the extent such compensable injury or disease remains a major but not necessarily predominant cause of disability or need for treatment." After reviewing the administrative judge's decision, the board agreed that any "prior condition" was work-related, and therefore the employee did not need to prove that her work-related injuries were a "major cause" of her disability under § 1(7A).
Discussion. On appeal, the insurer asserts that the board erred in not applying the "major cause" standard of G. L. c. 152, § 1(7A), to the employee's injuries, and contends that the employee would have been unable to meet that burden. "We may reverse or modify the board's decision where, among other reasons, it is based on an error of law, or is arbitrary, capricious, or otherwise not in accordance with law." Spaniol's Case, 466 Mass. 102, 106 (2013). See G. L. c. 30A, § 14(7). "The board, as the agency charged with administering the workers' compensation law, is entitled to substantial deference in its reasonable interpretation of the statute." Spaniol's Case, supra, quoting from Sikorski's Case, 455 Mass. 477, 480 (2009).
Having considered the record and the board's decision, we conclude there was ample support in the record to substantiate the board's determination that the "major cause" analysis was unnecessary in this case. The board's interpretation of G. L. c. 152, § 1(7A), was reasonable, and when affording the board its due deference, we discern no error in its application of the law to the facts of this case. As there was adequate support in the record for the determination by the administrative judge and the board that the employee's prior injuries were causally related to her employment, there was no error in the board's determination that the administrative judge rightly declined to employ the "major cause" inquiry of § 1(7A). See MacDonald's Case, 73 Mass. App. Ct. 657, 660-661 (2009).
The insurer further asserts that the board erred in dismissing its argument relating to the administrative judge's failure to list and specifically reference a human resources generalist who testified on both days of the hearing. Her testimony, in part, contradicted portions of the employee's testimony. Because the administrative judge did not list the witness or directly address the witness's testimony in the decision, the insurer seeks recommital to the administrative judge to "list all witnesses and make such additional findings to assure that he considered the testimony and how he resolved the apparent conflicts." This contention was summarily denied by the board as meritless. We agree.
While "[t]he omission of witnesses ... from the list[ ] typically set forth at the beginning of a decision strays from the preferred practice, it is not ipso facto conclusive that the administrative judge failed to consider the evidence when reaching his ultimate conclusions." Saccone v. Department of Pub. Health, 13 Mass. Workers' Comp. Rep. 280, 282 (1999). In this case, while the administrative judge did not explicitly list or credit any of the witness's testimony, portions of the decision in fact stem from her testimony. This includes, among other things, information regarding leaves of absence requested and taken by the employee. That being said, we discern no reason to disturb the administrative judge's ultimate determinations on the credibility of the witnesses or other findings of fact, nor do we find error in the board's rejection of this argument. See Pilon's Case, 69 Mass. App. Ct. 167, 169 (2007) ("Findings of fact, assessments of credibility, and determinations of the weight to be given the evidence are the exclusive function of the administrative judge").
Decision of reviewing board affirmed.