NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12368

IVES CAMARGO'S CASE.

Suffolk.     January 10, 2018. - May 10, 2018.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher, &
Kafker, JJ.


Workers' Compensation Act, To whom act applies, Independent
     contractor.



     Appeal from a decision of the Industrial Accident Reviewing
Board.

     The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


     Michael A. Fager for the claimant.
     Paul S. Kelly (Bruce J. Barker also present) for Publishers
Circulation Fulfillment, Inc., & another.
     Catherine K. Ruckelshaus, of New York, Audrey Richardson,
Janette Ekanem, Emily Spieler, & Ingrid Nava, for Brazilian
Women's Group & others, amici curiae, submitted a brief.


     KAFKER, J.  The claimant, Ives Camargo, seeks review of a

decision by the reviewing board of the Department of Industrial

Accidents (department) concerning her claim for workers'

compensation benefits pursuant to G. L. c. 152.  The reviewing

board affirmed the findings of an administrative judge, concluding that the clamant was an independent contractor and therefore was not entitled to workers' compensation.  The reviewing board made this determination on the basis of the definition of "employee" contained in the workers' compensation statute, as articulated in the twelve-part test from MacTavish v. O'Connor Lumber Co., 6 Mass. Workers' Comp. Rep. 174, 177 (1992), and Whitman's Case, 80 Mass. App. Ct. 348, 353 (2011), rather than the definition of employee found in G. L. c. 149, § 148B, the independent contractor statute.  The claimant appealed, and we transferred the case to this court on our own motion.  The claimant argues that the reviewing board erred in (1) failing to use the definition of "employee" under G. L. c. 149, § 148B, to determine whether the claimant was an employee eligible for workers' compensation under G. L. c. 152; and (2) finding that the claimant was an independent contractor rather than an employee.

We conclude that the independent contractor statute, G. L. c. 149, § 148B, does not determine whether a claimant is an employee for the purpose of workers' compensation benefits under G. L. c. 152.  The reviewing board correctly applied the workers' compensation statute's definition of employee to determine whether the claimant was an employee under G. L. c. 152, and therefore the claimant was properly classified as an

independent contractor for the purposes of workers' compensation.[1]

1. Background. a. Facts. The claimant began working as a newspaper delivery agent for Publishers Circulation Fulfillment, Inc. (PCF), in 2001. PCF provides home delivery services for newspaper publishers and pays delivery agents to deliver newspapers to subscribers. PCF does not publish its own newspapers. Instead, it acts as a middleman to deliver published newspapers. The claimant was hired by PCF and she signed various contracts over the years that identified her as an independent contractor. As part of her contract with PCF, she was provided with newspaper delivery routes and a list of customers. Pursuant to the contract, the claimant could make her deliveries at any time and in any order she wished, provided that the deliveries were completed by 6 A.M. on weekdays and 8 A.M. on weekends. To make the deliveries, the claimant used her own vehicle, which she did for twelve years. The claimant was paid for each newspaper delivered as well as a weekly stipend, paid when she elected to redeliver newspapers to customers who did not receive a scheduled delivery.

---

[1] We acknowledge the amicus brief submitted by Brazilian Women's Group, Centro Comunitario de Trabajadores, Immigrant Worker Center Collaborative, Lynn Worker's Center, Massachusetts Coalition for Occupational Safety and Health, Metrowest Worker Center, National Employment Law Project, and Service Employees International Union Local 32BJ.

In addition to setting a time by which newspaper delivery had to be completed, PCF required the delivery of dry and undamaged newspapers. Delivery agents could purchase bags to wrap the newspapers from PCF, which the claimant did, but this was not mandatory.

As part of the PCF contract, the claimant was permitted to hire assistants or subcontract her deliveries, an option she exercised. Additionally, given the nonexclusivity of the contract between the claimant and PCF, the claimant could deliver newspapers or other items for other businesses. She also purchased and collected independent contractor work insurance and filed her taxes as an independent contractor.

On September 26, 2010, the claimant was loading newspapers from PCF into her vehicle using a hand carriage when she fell off a ramp and hurt her right knee and right hand. **S**he reported her injury to PCF but did not seek medical treatment. Despite the fall, the claimant finished her work for PCF that day. On January 7, 2011, the claimant reported a second injury; she had slipped on ice while delivering newspapers, injuring her right leg. Following this second injury, the claimant was hospitalized and eventually underwent two surgeries, one for her right knee and the other for her right hand. The claimant was fired in the summer of 2012.

The claimant filed an initial claim for workers' compensation benefits in 2012 with the department. The insurer objected. After a conference, the administrative judge issued an order directing the insurer to pay the claimant temporary total incapacity benefits. The insurer appealed to a hearing, seeking a denial of all claims.[2] In the decision issued after the hearing, the administrative judge determined that the claimant was an independent contractor and therefore was not entitled to workers' compensation benefits. The reviewing board affirmed, finding that the claimant was an independent contractor.

b. Relevant statutes. General Laws c. 152 requires employers to provide workers' compensation to employees who are injured within the scope of their employment. The law applies to "employees," defined as "every person in the service of another under any contract of hire, express or implied, oral or written," with certain exceptions not relevant to this opinion. G. L. c. 152, § 1 (4). See Thorson v. Mandell, 402 Mass. 744, 746 (1988); McDermott's Case, 283 Mass. 74, 75 (1933). In MacTavish, 6 Mass. Workers' Comp. Rep. at 177, the department established a ten-factor test to determine whether an individual is an "employee" under the definition provided by G. L. c. 152,

_____

[2] The insurer also sought penalties against the claimant for fraudulent behavior, but that issue is not before us on appeal.

§ 1 (4), or an independent contractor and therefore outside the scope of the statute. The MacTavish factors were then supplemented in Whitman's Case, 80 Mass. App. Ct. at 353 n.3, to become a twelve-factor test.[3] The department has consistently applied some formulation of the MacTavish-Whitman factors for over one-quarter century to decide whether an individual is an employee or independent contractor for workers' compensation claims. See Whitman's Case, 80 Mass. App. Ct. at 353; Stone v. All Seasons Painting & Decorating, 25 Mass. Workers' Comp. Rep. 227, 231-232 (2011); MacTavish, 6 Mass. Workers' Comp. Rep. at 177. These factors are congruent to tests used in other jurisdictions to determine whether an individual is an employee for the purpose of workers' compensation, all of which are

---

[3] The relevant MacTavish-Whitman factors are "(a) the extent of control, by the agreement, over the details of the work; (b) whether . . . the one employed is engaged in a distinct occupation or business; (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (d) the skill required in the particular occupation; (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (f) the length of time for which the person is employed; (g) the method of payment, whether by the time or by the job; (h) whether . . . the work is a part of the regular business of the employer; (i) whether . . . the parties believe they are creating the relation of master and servant; (j) whether the principal is . . . in business," MacTavish v. O'Connor Lumber Co., 6 Mass. Workers' Comp. Rep. 174, 177 (1992), "[k] the tax treatment applied to payment . . .; and [l] the presence of the right to terminate the relationship without liability, as opposed to the worker's right to complete the project for which he was hired . . . ," Whitman's Case, 80 Mass. App. Ct. 348, 353 (2011).

largely derived from the Restatement (Second) of Agency § 220 (1958). See, e.g., Doughty v. Work Opportunities Unlimited/Leddy Group, 33 A.3d 410, 419 (Me. 2011) (using factors similar to Restatement [Second] of Agency in determining who is employee for workers' compensation); Elms v. Renewal by Andersen, 439 Md. 381, 393 (2014) (using factors similar to MacTavish-Whitman factors to determine whether individual was employee for purposes of workers' compensation).

In contrast, the independent contractor statute, G. L. c. 149, § 148B, provides the following as a means to determine employment status:

> "(a) For the purpose of [G. L. c. 149] and [G. L. c. 151 (the minimum wage act)], an individual performing any service, except as authorized under this chapter, shall be considered to be an employee under those chapters unless: --
>
> "(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
>
> "(2) the service is performed outside the usual course of the business of the employer; and,
>
> "(3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed."

General Laws c. 149 provides specific benefits and protections to employees, including how often an employee must be paid, when an employee must be notified of wage deductions,

and how much time an employee must be given for break periods during work. See G. L. c. 149, §§ 100, 148, 150A. As originally drafted, the independent contractor statute was limited to G. L. c. 149. In 2004, the statute was amended to encompass G. L. c. 151, which provides for a minimum wage. Neither of these statutes provides for workers' compensation benefits. General Laws c. 149, § 148B, as amended by St. 2004, c. 193, § 26, does, however, make limited reference to G. L. c. 152. It states:

> "(b) The failure to withhold . . . workers compensation premiums with respect to an individual's wages shall not be considered in making a determination under this section.

> "(c) An individual's exercise of the option to secure workers' compensation insurance with a carrier as a sole proprietor or partnership pursuant to [G. L. c. 152, § 1 (4)] shall not be considered in making a determination under this section.

> "(d) . . . Whoever fails to properly classify an individual as an employee according to this section and in so doing violates [G. L. c. 152] shall be punished as provided in [G. L. c. 152, § 14,] and shall be subject to all of the civil remedies, including debarment, provided in [G. L. c. 149, § 27C]."

2. Discussion. The issue presented in this case is whether the definition of "employee" included in G. L. c. 152, § 1, as historically applied by the department, or the definition of "employee" set out in G. L. c. 149, § 148B, applies to the determination of workers' compensation benefits. When reviewing decisions made by the reviewing board, we are to

give "due weight to the experience, technical competence, and specialized knowledge" of the agency. McDonough's Case, 448 Mass. 79, 81 (2006), quoting G. L. c. 30A, § 14 (7). In matters of statutory interpretation, "deference is due when an agency interprets a statute is it charged with administering." Springfield v. Civil Serv. Comm'n, 469 Mass. 370, 380 (2014). However, where the statute is not one that the agency administers, no deference is due. See id. We exercise de novo review of questions of statutory construction in such cases, and "we must overturn agency decisions that are not consistent with governing law." McDonough's Case, 448 Mass. at 81. We owe deference to the department's interpretation of the definition of employee under G. L. c. 152 and other aspects of this statute. We do not, however, defer to its interpretation of G. L. c. 149, § 148B.

a. Application of G. L. c. 149, § 148B. The two key provisions in the independent contractor statute are G. L. c. 149, §148B (a) and (d), which state:

"(a) For the purpose of [G. L. cc. 149 & 151], an individual performing any service, except as authorized under this chapter, shall be considered to be an employee under those chapters unless . . . .

"(d) . . . Whoever fails to properly classify an individual as an employee according to this section and in so doing violates [G. L. c. 152] shall be punished as provided in [G. L. c. 152, § 14,] and shall be subject to all of the civil remedies, including debarment, provided in [G. L. c. 149, § 27C]."

The claimant argues that the reference to G. L. c. 152 in subsection (d) incorporates the three-part independent contractor test set out in G. L. c. 149, § 148B, into G. L. c. 152, and thus, the definition of "employee" in G. L. c. 149, § 148B (a), should be used in lieu of the definition of "employee" found in G. L. c. 152, § 1, and the MacTavish-Whitman factors.  We disagree.

For questions of statutory interpretation, we must consider "the intent of the Legislature ascertained from all the words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated."  Depianti v. Jan-Pro Franchising Int'l, Inc., 465 Mass. 607, 620 (2013), quoting Industrial Fin. Corp. v. State Tax Comm'n, 367 Mass. 360, 364 (1975).  Additionally, the statute must "be construed 'so that effect is given to all its provisions, so that no part will be inoperative or superfluous.'"  Bankers Life & Cas. Co. v. Commissioner of Ins., 427 Mass. 136, 140 (1998), quoting 2A B. Singer, Sutherland Statutory Construction § 46.06 (5th ed. 1992).  Here, where two statutes intersect, we must look at both statutes to determine

whether § 148B applies to the workers' compensation laws of G. L. c. 152.

In interpreting the scope of § 148B, we need look no further than the plain and unambiguous language provided by the Legislature in subsection (a) of the statute.  See Phillips v. Equity Residential Mgt., LLC, 478 Mass. 251, 257 (2017).  The Legislature provided that § 148B applies "for the purposes of [G. L. c. 149] and [G. L. c.] 151."  G. L. c. 149, § 148B.  In so doing, the Legislature has expressed its intent to limit the applicability of the independent contractor statute to G. L. cc. 149 and 151.  See Spaniol's Case, 466 Mass. 102, 108-109 (2013) (declining to combine laws where Legislature intended to keep them separate).  If the Legislature had wanted to substitute the G. L. c. 149, § 148B, independent contractor statute for the definition of "employee" included in G. L. c. 152, § 1, it could have expressly done so in § 148B (a).  The Legislature also has used the standard language it usually includes whenever it intends to displace or supersede related provisions in all other statutes, "Notwithstanding any general or special law to the contrary . . . ."  See Mosey Cafe, Inc. v. Licensing Bd. of Boston, 338 Mass. 199, 203-204 (1958) (implying that "notwithstanding any general or special law heretofore" language shows legislative intent to displace prior inconsistent legislation); Beacon S. Station Assocs. v. Assessors of Boston,

85 Mass. App. Ct. 301, 306 (2014) (stating that "notwithstanding any general or special law to the contrary" language is used to displace inconsistent statutes).

Although the independent contractor statute does not apply to G. L. c. 152 in its entirety or change the definition of an employee for the purposes of workers' compensation claims, G. L. c. 149, § 148B (d), contains a specific and isolated cross-reference to G. L. c. 152, that requires consideration and understanding. In its written decision, the reviewing board addressed and clarified this cross-reference for workers' compensation purposes:

> "We do not agree that subsection (d) of § 148B can be interpreted to include [G. L. c.] 152 in toto. The subsection addresses expanded penalties for misclassifying workers, not whether an individual is an employee or an independent contractor for the purpose of workers' compensation benefits . . . . The subsection's requirement that a party that misclassifies a worker in violation of § 148B (d) 'and in so doing' violates [G. L. c.] 152 creates two criteria. The first is the violation of § 148B (d), the second is when that violation also violates [G. L. c.] 152. This language does not supplant the MacTavish-Whitman analysis, but merely notes that when the facts of a given case demonstrate a misclassification of a worker as an independent contractor under § 148B, the penalties of [G. L. c. 152,] § 14 (3)[,] are applicable. It does not apply to a determination whether an individual is eligible for workers' compensation benefits." (Emphasis in original.)

We agree.

This provision recognizes that a misclassification of an employee under § 148B may also result in a misclassification of

an employee under G. L. c. 152, and "in so doing" it will trigger the heightened penalties provided by both G. L. c. 152, § 14, and G. L. c. 149, § 27C.  See L.Y. Nason, C.W. Koziol, & R.A. Wall, Workers' Compensation § 8.1 (3d ed. 2003 & Supp. 2017) (adoption of 2004 amendment to G. L. c. 149, § 148B, has no impact on determination of employment status under G. L. c. 152, § 1, but does provide for punishment when there is misclassification under both statutes); Advisory A.G., Doc. No. 2008/1 at 4 (2008) (misclassifying employee under G. L. c. 152 is separate and distinct act from misclassifying employee under G. L. c. 149, § 148B).  See also Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 37 n.3 (1st. Cir. 2012) ("improper classification under § 148B, of itself, does not appear to give rise to a cause of action; instead, the statute seems to require that an improper classification result in a violation of one of the referenced chapters [including G. L. c. 152]").

The plain language and legislative history indicate that the Legislature intended that the definitions of an employee and an independent contractor in § 148B apply generally only to G. L. cc. 149 and 151.  The cross-reference to G. L. c. 152 was specific and limited:  if, in violating the three-prong test for determining an independent contractor in § 148B, the misclassification also violates G. L. c. 152, the penalties applicable to misclassification under G. L. c. 152 as well as

G. L. c. 149 apply.  There is no intent to broaden § 148B beyond this.

Our laws have imposed differing, and not uniform, definitions of employees and independent contractors. Currently, there are at least four distinct methods used to determine employment status in the Commonwealth.  General Laws c. 152, § 1, provides a definition of an employee for workers' compensation claims, and the department uses the MacTavish-Whitman factors to determine employment status.  General Laws c. 149, § 148B, provides a three-prong test to define employment status under G. L. cc. 149 and 151.  A third definition is provided in G. L. c. 151A, § 2, for the purpose of unemployment insurance, which uses a three-prong test that is similar to, but distinct from, the test in G. L. c. 149, § 148B.  In particular, the second prong expands the definition of independent contractor from work performed outside "the usual course of business" to include work performed "outside of all the places of business."  See Athol Daily News v. Board of Review of the Div. of Employment & Training, 439 Mass. 171, 176, 179 (2003) (board erred in awarding unemployment insurance to newspaper carriers by failing to consider importance of their making deliveries outside of business premises).  Finally, a fourth definition of employee is provided in G. L. c. 62B, § 1, for the purposes of withholding taxes on wages, and the department of

revenue applies the Internal Revenue Code's twenty-factor analysis to determine employment status.  See Technical Information Release 05-11 (Sept. 13, 2005), Official MassTax Guide, at PSW-206 (Thomson Reuters 2018) (amendments to G. L. c. 149, § 148B, do not change statutory definition of "employee" found in G. L. c. 62B).  It is thus not uncommon to have competing definitions of the same word where the purposes of the respective statutes are different.  If the Legislature intends to impose a uniform standard definition of employee or independent contractor across all employment related statutes in the Commonwealth, it may of course do so.  However, the isolated cross-references in G. L. c. 149, § 148B, alone do not so provide.

This lack of uniformity also reflects differences in the particular laws.  The laws governing workers' compensation, unemployment insurance, minimum wages, and tax withholding serve different, albeit related, purposes.  Each involves a complex allocation of costs and benefits for individuals, companies, and State government itself.  Other States that employ multiple tests for determining employee or independent contractor status depending on the context have emphasized these differences.  See, e.g., Terry v. Sapphire Gentlemen's Club, 336 P.3d 951, 957-958 (Nev. 2014), and cases cited (describing why Nevada and other States have concluded that goals of workers' compensation

laws are not in pari materia with wage laws, with each being enacted for precise and distinct reasons resulting in different tests to determine employment status). We need not, however, belabor the similarities or differences in the statutes, as it is up to the Legislature to decide how much uniformity to impose, and it has done so with care and particularity in these statutory schemes.

Adopting this understanding of G. L. c. 152 and G. L. c. 149, § 148B, we conclude that the independent contractor statute, G. L. c. 149, § 148B, does not displace the definition of "employee" in G. L. c. 152, § 1, and therefore G. L. c. 149, § 148B, is not used to determine employment status for workers' compensation claims under G. L. c. 152.[4]

b. Claimant's employment status. As stated above, the definition of "employee" provided in G. L. c. 152, § 1, governs the claimant's employment status in her claim for workers' compensation benefits. The MacTavish-Whitman factors provide

---

[4] We also recognize that G. L. c. 152, and the case law interpreting it, place the burden on the individual seeking workers' compensation to prove all elements of a claim under G. L. c. 152, including employee status. See Ginley's Case, 244 Mass. 346, 347 (1923); Connolly's Case, 41 Mass. App. Ct. 35, 37 (1996). In comparison, G. L. c. 149, § 148B, places the burden of proof as to independent contractor status on the defendant, in this case, the putative employer. Somers v. Converged Access, Inc., 454 Mass. 582, 589 (2009). We discern no intent on the Legislature's part in amending § 148B to shift the burden of proof in workers' compensation cases; indeed, this would reflect another significant change in the workers' compensation law.

the appropriate test to determine employment status for claims filed under G. L. c. 152. See Whitman's Case, 80 Mass. App. Ct. at 353 n.3; MacTavish, 6 Mass. Workers' Comp. Rep. at 177. "The question of employment status within the meaning of G. L. c. 152, § 1 (4), is essentially a question of fact for the board, not to be set aside if it is justified by the evidence, unless, of course, it is tainted by some error of law" (quotations and citations omitted). Whitman's Case, supra at 353.

The claimant fails to allege an error of law with respect to the application of the MacTavish-Whitman factors in this case. Moreover, the evidence supports the finding that the claimant was an independent contractor. In working for PCF, the claimant was allowed to expand her business to deliver newspapers and other items for other companies; supplied all necessary instruments to complete her job at PCF, including using her own vehicle to make deliveries; hired substitutes to complete the job; purchased her own independent contractor work insurance; and filed taxes as an independent contractor. In applying the MacTavish-Whitman test to these facts, the administrative judge properly concluded, and the reviewing board properly affirmed, that the claimant was an independent contractor under G. L. c. 152, § 1.

3.  Conclusion.  For the reasons discussed, we hold that the independent contractor statute, G. L. c. 149, § 148B, is not used to determine employment status for workers' compensation claims under G. L. c. 152.  We also affirm the determination of the reviewing board that the claimant was an independent contractor.

So ordered.

GANTS, C.J. (concurring, with whom Lowy and Budd, JJ., join). I agree with the court that, in enacting the independent contractor statute, G. L. c. 149, § 148B, the Legislature did not intend to displace the definition of "employee" contained in the workers' compensation statute, G. L. c. 152, § 1. I write separately only to express my concern about the practical consequences of this statutory scheme, which, by setting forth a patchwork of different standards for determining whether a worker is an employee or an independent contractor, may exacerbate the already complex problem of worker misclassification.

Worker misclassification is a serious problem, both in our Commonwealth and across the nation. See Somers v. Converged Access, Inc., 454 Mass. 582, 592-593 (2009); Advisory A.G., Doc. No. 2008/1 (2008). Where an employee is misclassified as an independent contractor, he or she is deprived of many important benefits and protections, such as minimum wages and overtime pay, unemployment insurance, and workers' compensation. See G. L. c. 151, § 1 (minimum wage); G. L. c. 151, § 1A (overtime pay); G. L. c. 151A (unemployment insurance); G. L. c. 152 (workers' compensation). Misclassification also "imposes significant financial burdens on the Federal government and the Commonwealth in lost tax and insurance revenues," while exposing

employers who properly classify their workers to unfair competition from those who do not.  <u>Somers</u>, <u>supra</u> at 593.

Part of the challenge in preventing misclassification is that there is no uniform definition of an "employee."  Instead, the law sets forth several different standards for determining who is an employee and who is an independent contractor, depending on the context.  In 2004, the Massachusetts Legislature took a significant step toward harmonizing these standards, amending the independent contractor statute, G. L. c. 149, § 148B, so that its presumption in favor of employee status applied not only to the wage and hour laws contained in G. L. c. 149 but also to the minimum wage and overtime laws in G. L. c. 151.  See St. 2004, c. 193, § 26.  However, the law governing employment relations in this State remains far from uniform.

As the court notes, Massachusetts law articulates at least four different standards for determining employment status. <u>Ante</u> at    .  For purposes of determining whether a worker is entitled to wage and hour protections, minimum wage, or overtime, we apply the three-prong independent contractor test in G. L. c. 149, § 148B (<u>a</u>).  But to determine whether a worker is entitled to unemployment insurance, we must apply a different three-prong test, set forth in G. L. c. 151A, § 2.  Meanwhile, whether a worker is entitled to workers' compensation depends on

an analysis of twelve separate factors, see <u>MacTavish</u> v. <u>O'Connor Lumber Co</u>., 6 Mass. Workers' Comp. Rep. 174, 177 (1992), and <u>Whitman's Case</u>, 80 Mass. App. Ct. 348, 353 n.3 (2011), and whether a worker is an employee for purposes of income tax withholding requires an examination of twenty factors.  See G. L. c. 62B, § 1 (incorporating Internal Revenue Code's definition of "employee"); Rev. Rul. 87-41, 1987-1 C.B. 296, 298-299 (listing twenty factors).  In addition, who bears the burden of proof as to employment status -- the employer or the worker -- also varies across different contexts.  Under wage and hour, minimum wage, and overtime laws, an individual who performs services is presumed to be an employee unless the employer can prove that he or she is in fact an independent contractor.  See G. L. c. 149, § 148B (<u>a</u>); <u>Somers</u>, 454 Mass. at 589.  The same holds true for purposes of unemployment insurance.  See G. L. c. 151A, § 2;  <u>Athol Daily News</u> v. <u>Board of Review of the Div. of Employment & Training</u>, 439 Mass. 171, 175 (2003).  But that presumption disappears in the context of workers' compensation, where the claimant bears the burden to prove his or her entitlement.  See <u>Connolly's Case</u>, 41 Mass. App. Ct. 35, 37 (1996).

The practical result of this patchwork statutory scheme is confusion and uncertainty.  With so many different standards, it is difficult for employers to classify their workers properly,

even where they intend to comply with the law.  See Deknatel & Hoff-Downing, ABC on the Books and in the Courts:  An Analysis of Recent Independent Contractor and Misclassification Statutes, 18 U. Pa. J.L. & Soc. Change 53, 65 (2015).  Enforcement also becomes more challenging, as State agencies must expend greater resources to interpret and implement nonuniform laws.  See id. See also Buscaglia, Crafting a Legislative Solution to the Economic Harm of Employee Misclassification, 9 U.C. Davis Bus. L.J. 111, 129-130 (2008).

Most importantly, workers must struggle to understand and assert their rights.  Although Massachusetts laws require employers to post notices in workplaces explaining the various protections and benefits available to employees, see, e.g., G. L. c. 151, § 16 (notice of minimum wage); G. L. c. 151A, § 62A (g) (notice of unemployment insurance coverage), these notices offer little guidance to workers who do not know, as a threshold matter, whether they are employees or not. Ascertaining one's own employment status can be especially difficult given that, under the current law, the same worker can be an employee for one purpose but an independent contractor for another.  Consider, for example, a worker who is deemed an employee under the independent contractor statute, G. L. c. 149, § 148B (a), but not under the workers' compensation statute, G. L. c. 152, § 1.  If her employer complies with the law, then

that worker would receive minimum wages, overtime pay, and other protections associated with employee status. She may assume on that basis that she is also eligible for workers' compensation, and choose not to purchase comparable insurance. But when that same worker is injured in the workplace, and seeks workers' compensation, she would be denied those benefits, realizing only then, when it is too late, that she was never entitled to them in the first instance. Or suppose her employer does not comply with the law, and does not provide her with minimum wage, overtime pay, and the other benefits to which she is entitled. If her employer then also tells her, correctly, that she is not entitled to workers' compensation because she is an independent contractor, how do we realistically expect her to understand that, for the purposes of wage and hour, minimum wage, and overtime laws, she is still an employee, and is therefore being denied her benefits under those laws?

I do not doubt that the different standards for determining employment status are tailored, as the court points out, to meet the different purposes of the laws governing employment relations in our State. See ante at    . I suggest only that it is time to confront the problems that arise from this complex statutory scheme, especially to workers. Some States have taken steps to harmonize their laws; at least one State, Maine, has adopted a single, uniform standard for determining employment

status under unemployment insurance, workers' compensation, and other employment laws. See 2012 Me. Legis. c. 643 (standardizing definition of "independent contractor" across laws); Me. Rev. Stat. Ann. tit. 26, § 591 (2007 & Supp. 2017) (employment practices); Me. Rev. Stat. Ann. tit. 26, § 1043 (2007 & Supp. 2017) (unemployment insurance); Me. Rev. Stat. Ann. tit. 39-A, § 102 (2001 & Supp. 2017) (workers' compensation). See also Or. Rev. Stat. § 670.700 (mandating cooperation between State agencies to "establish consistency in agency determinations relating to the classification of workers"). Other States have introduced measures designed to provide more guidance to workers as to their employment status. See, e.g., 820 Ill. Comp. Stat. 185/15 (2008) (requiring construction contractors to post information about worker classification); N.H. Rev. Stat. Ann. § 275:49(V) (2010 & Supp. 2017) (requiring employers to post information about criteria for classifying worker as employee or independent contractor). Whether such reforms would be appropriate in Massachusetts is, of course, a question for the Legislature and, as this case illustrates, a pressing one -- which I invite the Legislature to address.